**Leroy SHAW, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 25, 2002.

Decided Dec. 13, 2002.

David Crowley, Bellefonte, for petitioner.

Tara L. Patterson, Harrisburg, for respondent.

Before FRIEDMAN, J., SIMPSON, J., and JIULIANTE, Senior Judge.

OPINION BY Judge FRIEDMAN.

Leroy Shaw (Shaw) petitions for review of the May 6, 2002, order of the Pennsylvania Board of Probation and Parole (Board),

which deemed Shaw's letter requesting reconsideration of a Board order to be a subsequent administrative appeal and, thus, denied that "appeal" under 37 Pa. Code § 73.1(a)(4).[1] We vacate and remand.

On August 1, 2000, while Shaw was on parole, he was issued a traffic citation for driving with a suspended or revoked license. (C.R. at 62.) On November 7, 2000, Shaw was issued two additional traffic citations, one for failing to stop at a stop sign and the other for operating a motor vehicle without a license. (C.R. at 63–64.)

On December 8, 2000, Shaw was arrested on drug charges and for driving with a suspended or revoked driver's license; as a result, he was confined in the county jail. (C.R. at 22.) On that same date, the Board issued a detainer warrant. (C.R. at 21.) On January 16, 2001, Shaw posted bail but was detained on the Board's warrant. (C.R. at 22.) On January 19, 2001, a district justice issued a detainer to ensure that Shaw was not released before paying fines that might be owed in connection with Shaw's August 1, 2000, and November 7, 2000, traffic citations.[2] (C.R. at 61, 75, 79.)

On October 29, 2001, the Board issued a decision to recommit Shaw as a technical parole violator (TPV), when available, to serve five months backtime. (C.R. at 28.) The Board issued the decision because Shaw had admitted to drug use, a violation of condition number 5(a) of the conditions governing Shaw's parole. (C.R. at 28.)

On November 1, 2001, Shaw pleaded guilty to driving with a suspended or revoked license and to disorderly conduct in connection with the December 8, 2000, arrest. (C.R. at 22, 31.) Shaw received a sentence of ninety days probation, plus costs of $100. (C.R. at 22.) On November 8, 2001, Shaw was sentenced in connection

---

1. The Board's regulation at 37 Pa.Code § 73.1(a)(4) states that second or subsequent appeals will not be received.

2. See Pa. R.Crim. P. 430 (relating to the issuance of arrest warrants in summary cases).

with the August 1, 2000, and the November 7, 2000, traffic citations. (C.R. at 31.) Shaw received a sentence of "credit for time served." (C.R. at 31.)

On November 9, 2001, the Board charged Shaw with violating condition number 4 of the conditions governing his parole, failure to comply with state laws. (C.R. at 30–31.) On January 9, 2002, the Board issued a decision to recommit Shaw as a TPV to serve his unexpired term of eleven months and six days. (C.R. at 71.) The Board gave Shaw backtime credit for time served from December 8, 2000, to November 1, 2001, and set his parole violation maximum date at October 14, 2002. (C.R. at 70–71.)

On February 21, 2002, the Board issued a decision modifying its January 9, 2002, decision. This time, the Board gave Shaw backtime credit only for time served from December 8, 2000, to January 19, 2001. (C.R. at 73.) This reduction in backtime credit acted to extend Shaw's parole violation maximum date to July 26, 2003. (C.R. at 74.) In addition, the Board increased the backtime imposed on Shaw from eleven months and six days to twelve months. (C.R. at 74.)

On March 5, 2002, Shaw filed a petition for administrative review with the Board. Shaw realized that the Board reduced his backtime credit because the Board believed that, from January 19, 2001, to November 1, 2001, Shaw was serving the district justice's sentence of "time served" on his traffic violations. However, Shaw argued that the district justice could not legally detain him for more than nine months because of alleged traffic violations and then sentence him to "time served." [3] (C.R. at 75–76.) The Board denied Shaw's petition on March 27, 2002, stating, "the Board's administrative appeal process is not the appropriate forum to present a collateral attack on the legality of [a] [d]istrict [j]ustice ... detainer." (C.R. at 78.)

Shaw contacted the district justice by phone on April 1, 2002. On April 2, 2002, the district justice wrote a letter to Shaw stating that the "total number of days needed to satisfy [Shaw's] fines would have been 15 days." (C.R. at 79.) The district justice also issued an amendment to the sentencing order, stating that Shaw served his sentence of "time served" from January 19, 2001, to February 3, 2001. (C.R. at 82.)

On April 11, 2002, Shaw wrote a letter to the Board, informing the Board of the "amended" sentencing order and requesting reconsideration of its prior determination. (C.R. at 81.) On May 6, 2002, the Board issued a decision treating the April 11, 2002, letter as an unauthorized subsequent administrative appeal and took no further action. (C.R. at 85.) Shaw now asks this court to review the Board's decision. [4]

Shaw argues that the Board abused its discretion by treating his letter as a subsequent appeal instead of a request for reconsideration under 1 Pa.Code § 35.241. We agree.

The General Rules of Administrative Practice and Procedure (General Rules) govern practice and procedure before Commonwealth agencies, except to the extent that the agency has promulgated an inconsistent regulation on the same subject. 1 Pa.Code § 31.1. The General Rule at 1 Pa.Code § 35.241 states that a party may file an application for reconsideration within fifteen days after the issuance of a

---

3. A sentence of confinement for failure to pay a fine can be no more than *six* months, and, in that case, the term of confinement for the offense charged must be six months. Section 9772 of the Sentencing Code, 42 Pa.C.S. § 9772. The offenses here are summary traffic violations, none of which carry a sentence of six months of incarceration.

4. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

final order because of matters that have arisen since the issuance of the order. The regulation at 37 Pa.Code § 73.1(a)(4) states that a second or subsequent appeal will not be received. Because a subsequent appeal is not the same as a request for reconsideration based on changed circumstances,[5] we conclude that 1 Pa.Code § 35.241 applies to these proceedings before the Board.[6]

Because the Board erred in treating Shaw's April 11, 2002, letter as a subsequent administrative appeal, instead of an application for reconsideration, we vacate the Board's order and remand this case to the Board for reconsideration of Shaw's backtime credit based on the district justice's amended sentence.[7]

### ORDER

AND NOW, this 13th day of December, 2002, the order of the Pennsylvania Board of Probation and Parole (Board), dated May 6, 2002, is hereby vacated, and this case is remanded to the Board for reconsideration of Leroy Shaw's backtime credit as set forth in the foregoing opinion.

Jurisdiction relinquished.

5. If Shaw's letter had been a subsequent appeal, it would have simply repeated the challenge to the Board's decision to decrease Shaw's backtime credit, extend Shaw's parole violation maximum date and increase Shaw's backtime. Shaw's letter did not do that. Shaw's letter brought to the Board's attention the fact that the basis for the Board's decision, i.e., the district justice's sentence, had been changed. The letter properly requested reconsideration.

6. We note that, in the Board's regulation at 37 Pa.Code § 73.1(a)(1), the Board explicitly states that subsection 73.1(a)(1) supersedes 1

Pa.Code § 35.226, relating to final orders. Thus, if the Board intended for subsection 73.1(a)(4) to supersede 1 Pa.Code § 35.241, the Board knew how to make that intention clear.

7. We note that, based on the district justice's amended sentence, the district justice's detainer expired on February 3, 2001. Thus, from February 3, 2001, to November 1, 2001, Shaw was confined in the county jail under the *Board's* detainer and is entitled to backtime credit for that period of time.