IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mahendra Baljit,                          :
                                          :
                    Petitioner            :
                                          :
          v.                              : No. 1049 C.D. 2017
                                          : Submitted: January 19, 2018
Pennsylvania Board of                     :
Probation and Parole,                     :
                                          :
                    Respondent            :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                           FILED:  June 20, 2018


          Mahendra Baljit (Baljit) petitions for review of an order of the

Pennsylvania Board of Probation and Parole (Board) that dismissed his appeals

challenging the calculation of his maximum sentence date as untimely.  Also before

us is a petition to withdraw as counsel filed by Baljit's court-appointed attorney,

Richard C. Shiptoski, Esquire (Attorney Shiptoski), on the ground that Baljit's

appeal is without merit.  For the reasons that follow, we grant Attorney Shiptoski's

petition to withdraw as counsel, and we affirm the Board's order.


**I. Background**

          In January 2009, Baljit pled guilty to aggravated assault with serious

bodily injury, and he was sentenced to a term of three-and-one-half to seven years

in prison. Certified Record (C.R.) at 1. Baljit's original maximum sentence date was July 15, 2015. C.R. at 1.

On January 19, 2012, the Board released Baljit on parole. C.R. at 10. While on parole, the Board issued a warrant to commit and detain Baljit based on a criminal complaint filed against him for aggravated assault, simple assault, terroristic threats, false imprisonment and selling or furnishing liquor or malt or brewed beverages to minors. C.R. at 15-19, 22. The Dauphin County Court of Common Pleas (trial court) set bail at $75,000, which Baljit did not post. C.R. at 24, 27. Baljit was confined at the Dauphin County Prison on these charges. C.R. at 28.

The Board charged Baljit with violating a special condition of parole for consuming or possessing alcohol. C.R. at 32. Baljit signed a waiver of violation hearing and a counsel/admission form relative to the charge. C.R. at 35. The Board recommitted Baljit as a technical parole violator to serve six months backtime for violating a condition of his parole. C.R. at 45-47.

With regard to the new criminal charges, on August 19, 2015, Baljit pled guilty to simple assault and terroristic threats with intent to terrorize another. C.R. at 52. The trial court sentenced Baljit to serve one to two years for each offense, to run consecutively. C.R. at 52, 79. The trial court awarded 359 days credit for time served. C.R. at 52. The other charges were withdrawn. C.R. at 52.

As a result of the new conviction, the Board charged Baljit as a convicted parole violator. Baljit signed a waiver of revocation hearing and a counsel/admission form relative to the charge. C.R. at 69. By revocation decision mailed November 6, 2015, the Board recommitted Baljit as a convicted parole violator to serve nine months' backtime to run concurrently with the six months'

backtime previously imposed for the technical violation. C.R. at 80-81. The Board calculated his new maximum sentence date as February 12, 2019. C.R. at 80-81.

On November 22, 2015, Baljit, representing himself, filed an "Administrative Remedies Form" seeking administrative review on the basis that the Board miscalculated his maximum sentence date. C.R. at 85, 87. More particularly, Baljit asserted that the February 12, 2019 maximum sentence date exceeded the entire remaining balance of the original maximum sentence imposed by the trial court and that the Board's imposition of this date constitutes an encroachment of the judicial branch of government. C.R. at 87-91. By decision mailed November 16, 2016, the Board denied Baljit's request for administrative review.[1] C.R. at 97. Baljit did not appeal this decision.

Instead, Baljit filed additional petitions for administrative review on October 30, 2016, January 13, 2017, February 12, 2017, and April 27, 2017. C.R. at 95, 103, 105, 107. In each of the petitions, Baljit challenged the Board's November 6, 2015 revocation decision on the basis that the Board improperly denied him credit for time served in a halfway house following his release on parole.[2] C.R. at 95, 103, 105, 107. By decision dated July 3, 2017, the Board dismissed these

---

[1] The Board explained that Baljit was released on parole on January 19, 2012, with a maximum sentence date of July 15, 2015, which left an unserved balance of 1273 days on his sentence. C.R. at 97. On August 26, 2014, Baljit was arrested on new criminal charges and did not post bail. C.R. at 97. Between the arrest date and sentencing date on August 19, 2015, Baljit was not detained solely on the Board's warrant. Consequently, he is not entitled to credit for this period of detention. C.R. at 97. Adding 1273 days to August 19, 2015, results in a February 12, 2019, maximum sentence date. C.R. at 97.

[2] Baljit states he was released to the Harrisburg Community Corrections Center on January 19, 2012, and remained there until August 2, 2012, but he did not receive credit for this time. C.R. at 95, 103, 105, 107; *see also* Petition for Review.

3

petitions as untimely. C.R. at 109-10. From this decision, Baljit filed a *pro se* petition for review with this Court.

This Court appointed the Public Defender of Luzerne County to represent Baljit in his appeal. Attorney Shiptoski entered his appearance on behalf of Baljit, but shortly thereafter, he filed a petition to withdraw as counsel along with an *Anders*[3] brief based on his belief that Baljit's appeal is without merit. This matter is now before us for disposition.

## II. Petition to Withdraw

Counsel seeking to withdraw as appointed counsel must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.[4] *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 24-26 (Pa. Cmwlth. 2009); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'" *Zerby*, 964 A.2d at 962 (quoting *Jefferson v.*

---

[3] *Anders v. California*, 386 U.S. 738 (1967).

[4] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit an *Anders* brief that (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19 (Pa. Cmwlth. 2009). Where, as here, the petitioner has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a no-merit letter instead of an *Anders* brief. *Hughes*, 977 A.2d at 25-26.

*Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, court-appointed counsel who seeks to withdraw representation must: (1) notify the petitioner of the request to withdraw; (2) furnish the petitioner with a copy of a brief or no-merit letter; and, (3) advise the petitioner of his right to retain new counsel or raise any new points that he might deem worthy of consideration. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 22. If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25. If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw, and the petitioner will be denied relief. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 27.

Upon review, Attorney Shiptoski's *Anders* brief[5] satisfies the technical requirements of *Turner*. The brief sets forth the procedural history of the case, reflecting his review of the record. Attorney Shiptoski states he conducted a conscientious and thorough review of the record, applicable statutes and case law. He sets forth the issue Baljit raised in his petition for review that the Board miscalculated Baljit's maximum sentence date by not crediting him for time served in a halfway house. Attorney Shiptoski provides a thorough analysis as to why the case lacks merit, and he cites applicable statutes, regulations and case law in support.

Attorney Shiptoski explains that Baljit's case lacks merit because his petitions for administrative review were untimely. Administrative appeals and

---

[5] Where appointed counsel files an *Anders* brief when a no-merit letter would have sufficed, we will accept an *Anders* brief in lieu of a no-merit letter provided it complies with the substantive requirements of a *Turner* no-merit letter. *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 43 (Pa. Cmwlth. 2010).

5

petitions for administrative review must be received by the Board's central office within 30 days of the Board's decision. 37 Pa. Code §73.1(a)(1), (b)(1). Second or subsequent administrative appeals and appeals which are out of time will not be received. 37 Pa. Code §73.1(a)(4). The same rule applies to petitions for administrative review. 37 Pa. Code §73.1(b)(3). The Board mailed its revocation decision on November 6, 2015. Baljit's original request for administrative review challenging the Board's revocation decision was timely submitted. However, the Board denied this appeal. C.R. at 97. Baljit did not seek review of this decision. Instead, Baljit filed four more petitions for administrative review with the Board between October 30, 2016, and April 27, 2017. Because Baljit mailed these subsequent petitions well beyond the 30-day appeal period from the November 6, 2015, revocation decision, they were untimely, and as such, could not be accepted by the Board. Thus, the Board properly dismissed the administrative appeals as untimely.

Based on his review, Attorney Shiptoski concludes that Baljit's appeal to this Court is without merit, and he requests permission to withdraw. Attorney Shiptoski provided Baljit with a copy of the *Anders* brief and his request to withdraw. He advised Baljit of his right to retain new counsel or proceed by representing himself.[6] As we are satisfied that counsel has discharged his responsibility in complying with the technical requirements to withdraw from representation, we shall conduct an independent review to determine whether Baljit's petition for review lacks merit.[7]

---

[6] Baljit did not retain new counsel or file a brief in support of his petition for review.

[7] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by

6

## III. Independent Review

The Board's regulations provide that an appeal or petition for administrative review of a revocation decision must be received within 30 days of the mailing date of the Board's order. 37 Pa. Code §73.1(a)(1), (b)(1); *see also* 61 Pa. C.S. §6113(d)(1); *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013). Further, second or subsequent appeals or petitions for administrative review and those that are out of time under these rules will not be received. 37 Pa. Code §73.1(a)(4), (b)(3).

The prisoner mailbox rule applies to *pro se* appeals of Board decisions. *Sweesy v. Pennsylvania Board of Probation and Parole*, 955 A.2d 501, 502-03 (Pa. Cmwlth. 2008). Pursuant to the mailbox rule, a prisoner's appeal is deemed filed when provided to prison officials for mailing or put in the prison mailbox. *Id.*

The 30-day period for an appeal of a revocation decision is jurisdictional and cannot be extended absent a showing of fraud, a breakdown of the administrative process, non-negligent circumstances affecting the petitioner, or the intervening negligence of the petitioner's appointed counsel, which deprives the petitioner of effective assistance of counsel. *Smith*, 81 A.3d at 1094.

Here, the Board mailed its revocation decision recalculating Baljit's parole violation maximum date on November 6, 2015. Therefore, Baljit would have had until December 6, 2015, to file his appeal. Baljit timely mailed his original request seeking administrative review on November 22, 2015, which the Board denied. There is no indication that Baljit sought review of this decision.

Baljit filed four "subsequent" petitions for administrative review between October 30, 2016, and April 27, 2017, challenging the Board's revocation

---

substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013), *appeal denied*, 87 A.3d 322 (Pa. 2014).

decision. Although the petitions present a new issue for consideration, *i.e.*, entitlement to credit for time served in a halfway house, the petitions are not based upon changed circumstances and cannot be construed as requests for reconsideration. *See Shaw v. Pennsylvania Board of Probation and Parole*, 812 A.2d 769, 771-72 (Pa. Cmwlth. 2001) (holding that the Board erred in treating inmate's letter as a subsequent administrative appeal instead of an application for reconsideration where inmate asserted changed circumstance of an amended sentence). These latter petitions are "subsequent" petitions to the original request for administrative review and may not be accepted. *See* 37 Pa. Code §73.1(b)(3); *see also* 37 Pa. Code §73.1(a)(4).

Moreover, Baljit did not present these petitions to prison officials for mailing until well after the 30-day appeal period had lapsed. Consequently, all four petitions were untimely. *See* 37 Pa. Code §73.1(b)(1); *see also* 37 Pa. Code §73.1(a)(1). The Board lacked jurisdiction to accept these untimely petitions. *See Smith*, 81 A.3d at 1094; 37 Pa. Code §73.1(b)(1); *see also* 37 Pa. Code §73.1(a)(1). Baljit does not articulate any reason or argument to justify his late appeals from the Board's revocation decision mailed on November 6, 2015. *See Smith*, 81 A.3d at 1094. Accordingly, we agree with Attorney Shiptoski that the Board properly dismissed Baljit's subsequent and untimely petitions for administrative review and any argument to the contrary would be without merit.

## IV. Conclusion

Upon review, we agree with Attorney Shiptoski that Baljit's claims regarding the dismissal of his petitions for administrative review are without merit. Accordingly, we grant Attorney Shiptoski's petition for leave to withdraw as

8

counsel, and we affirm the order of the Board dismissing as untimely Baljit's petitions.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mahendra Baljit,      :
     :
     Petitioner      :
     :
     v.      : No. 1049 C.D. 2017
     :
Pennsylvania Board of      :
Probation and Parole,      :
     :
     Respondent      :

O R D E R

AND NOW, this 20th day of June, 2018, Richard C. Shiptoski, Esquire's petition to withdraw as counsel is GRANTED, and the order of the Pennsylvania Board of Probation and Parole, dated July 3, 2017, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge