## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Edmund Bracey,             :
             Petitioner             :
                          :    No.  1058 C.D. 2020
        v.             :
                          :    Submitted:  April 16, 2021
Pennsylvania Parole Board,             :
             Respondent             :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge[1]
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge


### *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH               FILED: April 14, 2022


John Edmund Bracey (Bracey) petitions for review from the September 23, 2020 decision and order of the Pennsylvania Parole Board (Board) denying, in part, his challenge to the Board's recalculation of his maximum parole date in connection with his parole violation.  The Board's decision recommitted Bracey as a convicted parole violator (CPV) and recalculated his new maximum parole date to account for 649 unexpired days on his original sentence.  Since the filing of this matter, Bracey's maximum parole sentence date of October 26, 2021 elapsed, rendering his petition for review moot.  Accordingly, we dismiss Bracey's petition for review.

---

[1] This case was assigned to the opinion writer before January 7, 2022, when Judge Cohn Jubelirer became President Judge.

## Facts and Procedural History

In 2018, Bracey pleaded guilty to theft of movable property in Bucks County. (Certified Record (C.R.) at 1.) Bracey received a sentence of 1 year, 1 month, and 15 days to 3 years in state prison. *Id.* At the time of sentencing, Bracey's maximum sentence date was April 26, 2021. (C.R. at 1-2.) On June 11, 2019, the Board paroled Bracey from the State Correctional Institution (SCI)-Laurel Highlands, at which time Bracey signed the conditions of his parole, which included several standard conditions as well as the completion of prescribed programming. (C.R. at 4-9.)

On June 27, 2019, an officer of the Bristol Township Police Department in Bucks County executed a criminal complaint and affidavit of probable cause against Bracey. (C.R. at 10-17.) The criminal complaint reflects the following charges: two counts of driving under the influence of alcohol or controlled substances, reckless driving, trespass by motor vehicle, possession of controlled or counterfeit substances, possession with intent to use drug paraphernalia, and driving while operating privilege is suspended or revoked. *See* 75 Pa.C.S. §§ 3802(d)(1), 3802(d)(2), 3736(a), 3717(a), 1543(a); Section 13(a)(16), (a)(32) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780-113(a)(16), (32). (C.R. at 12-15.)

On July 9, 2019, the Board detained Bracey due to his arrest on new criminal charges. (C.R. at 18.) On July 23, 2019, the Board scheduled a detention hearing based on the new charges. (C.R. at 19-20.) Bracey attended the hearing on August 2, 2019, at SCI-Phoenix, represented by counsel. (C.R. at 24.) The Board ordered Bracey be detained pending the disposition of his new charges. (C.R. at 30.) Bracey did not post bail on the new charges and therefore remained in custody on both the Board's detainer and the new charges. (C.R. at 32.)

2

On January 16, 2020, Bracey pleaded guilty to the charge of driving under the influence, and he received a sentence of 72 hours to 6 months. (C.R. at 31.) On February 4, 2020, the Board issued a Notice of Charges and Hearing. (C.R. at 37.) That same day, Bracey waived his right to counsel and his right to panel and revocation hearings, and admitted his new criminal convictions. (C.R. at 39.) The Board issued a revocation hearing report on February 12, 2020. (C.R. at 41-48.) The hearing examiner recommended that Bracey be given credit for his time spent at liberty on parole because Bracey committed a non-violent offense while under supervision. (C.R. at 43-44.) A Board member disagreed with the hearing examiner and rejected the recommendation due to Bracey's unresolved drug issues, and thereby, denied credit for time at liberty on parole. (C.R. at 44.) The report recommended Bracey be recommitted as a CPV for six months, when available. (C.R. at 47.)

Subsequently, the Board issued an order on April 27, 2020, to recommit Bracey based on the new criminal charges and his admission to a parole violation. (C.R. at 65-66.) The order noted Bracey was originally paroled on June 11, 2019, and at the time of his parole, Bracey owed 685 days of backtime. *Id.* Bracey received no credit for time spent at liberty on parole from June 11, 2019, to July 9, 2019. (C.R. at 67.) The Board concluded Bracey was entitled to 36 days of credit for the time he was incarcerated solely on the Board's warrant from July 9, 2019, to August 14, 2019. (C.R. at 65.) Taking into account the 36-day credit, the Board determined that Bracey owed 649 days of backtime on his original sentence, arriving at a new maximum parole date of October 29, 2021, to begin serving on January 19, 2020. *Id.*

Bracey filed an administrative remedies form challenging the computation of his maximum parole expiration date, which the Board received on

3

June 1, 2020. (C.R. at 73.) Bracey asserted the time he served from August 14, 2019, to January 16, 2020, should count towards his original sentence backtime. *Id.*

After reviewing Bracey's administrative remedies form, the Board issued yet another order on September 22, 2020, modifying its April 27, 2020 order, altering Bracey's return date from January 19, 2020, to January 16, 2020, the date Bracey was paroled on his new charges, which changed his maximum parole date to October 26, 2021. (C.R. at 71-72.) In its decision mailed September 23, 2020, the Board explained that Bracey's request for relief was granted, in part. *Id.* The Board affirmed its decision that Bracey was entitled to 36 days of pre-sentence credit for his confinement from July 9, 2019, to August 14, 2019, at which time Bracey was held solely on the Board's warrant. (C.R. at 75-76.)

The Board denied Bracey's request for pre-sentence credit. *Id.* Pursuant to *Gaito v. Pennsylvania Board of Probation & Parole*, 412 A.2d 568 (Pa. 1980), the Board explained Bracey is not entitled to credit on his original sentence for time served after August 14, 2019, because he was held on both the Board's detainer and his new criminal charges. *Id.* The Board further explained that because he did not post bail on his new charges, this pre-sentence time can only be applied to his new sentence. *Id.* The Board noted under section 6138(a)(5) of the Prisons and Parole Code, 61 Pa.C.S. § 6138(a)(5), "a CPV who was released from an SCI and receives a new sentence to be served in a county facility must serve the new sentence first." (C.R. at 75-76). The Board determined Bracey became available to serve his original sentence on January 16, 2020. (C.R. at 76). The Board explained that by "[a]dding 649 days to that availability date yields a recalculated [maximum] date of October 26, 2021." *Id.*

Subsequently, Bracey filed a petition for review with this Court, *pro se*. Thereafter, this Court appointed the Office of the Public Defender of Indiana County to represent Bracey.

4

## Discussion

On appeal,[2] Bracey asserts that the Board should have credited the pre-sentence time, when he was incarcerated on both the Board's detainer and the new criminal charges, to his original sentence. Relying upon the seminal case *Gaito*, Bracey argues that the Board should have credited the time he was incarcerated on both the Board's detainer and the new criminal charges to his original sentence. (Petitioner's Brief at 5).

At the outset, the Court must first address the issue of mootness. As this Court has previously stated, "the expiration of a parolee's maximum term renders an appeal of a Board revocation order moot." *Taylor v. Pennsylvania Board of Probation & Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000). When the parolee's maximum parole term has expired, there are two exceptions to the mootness doctrine. *Id.* at 674. Dismissal as moot will be refused "only if the issues involved are capable of repetition yet likely to evade review and of important public interest, or where a party will suffer some detriment without the court's decision." *Id. See also Sands v. Pennsylvania Board of Probation and Parole*, 396 A.2d 914, 915 (Pa. Cmwlth. 1979); *Santangelo v. Pennsylvania Board of Probation & Parole* (Pa. Cmwlth., No. 1338 C.D. 2019, filed Mar. 17, 2021);[3] *Davis v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 861 C.D. 2020, filed Feb. 15, 2022).

In *Taylor*, the parolee's maximum term expired during the review by this Court. 746 A.2d at 674. The Court dismissed the parolee's petition for review

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether the decision was in accordance with the law, or whether the necessary findings of fact were supported by substantial evidence. *Shaw v. Pennsylvania Board of Probation & Parole*, 812 A.2d 769, 772 n.4 (Pa. Cmwlth. 2002).

[3] Pursuant to Commonwealth Court Internal Operating Procedures Section 414(a), 210 Pa. Code § 69.414(a), an unreported decision of this Court is not binding precedent but may be cited for its persuasive value.

because he was released from confinement at the expiration of his maximum parole date and could no longer be awarded the requested relief because he was not under the custody and control of the Commonwealth. *Id.* at 674-675. Similarly, Bracey's recalculated maximum parole date on his original sentence expired on October 26, 2021. There is nothing in the certified record to indicate that Bracey committed any additional crimes or had new criminal charges that could extend his maximum parole date on his original sentence. To the contrary, it appears Bracey is no longer under the custody and control of the Commonwealth. Because Bracey has already served the sentences that compromised his maximum parole date, we cannot grant the requested relief.[4]

---

[4] Even if this matter was not moot, we would affirm the Board's September 23, 2020 decision to deny credit for Bracey's time served from August 14, 2019, to January 19, 2020, because he was held on both the Board's detainer and new criminal charges. Under *Gaito*, if a parole violator satisfies bail requirement prior to sentencing and is incarcerated solely on the Board's detainer, this period of incarceration is credited to a CPV's original sentence. 412 A.2d at 571. However, when bail is not posted, the time incarcerated on both the new criminal charges and the Board's detainer must apply to the new sentence. *Id.* In *Martin v. Pennsylvania Board of Probation & Parole*, 840 A.2d 299, 303 (Pa. 2003), our Supreme Court recognized an exception to this rule. The parolee in *Martin* was incarcerated on both new criminal charges and the Board's detainer for 19 days and was sentenced on the new charges to a term of 2 days followed by a period of probation. The Board did not award the parolee any credit for his pre-sentence incarceration when recalculating the maximum parole date because he was not confined solely on the Board's detainer. *Id.* The parolee appealed asserting that the excess 17 days of incarceration must be credited towards his original sentence. *Id.*

Here, the *Martin* exception does not apply because the maximum term of Bracey's new criminal sentence exceeded his pre-sentence confinement. The trial court sentenced Bracey to 72 hours to 6 months. (C.R. at 31.) The period of pre-sentence confinement from July 9, 2019, to January 19, 2020, when taken all together is over the maximum sentence of six months. However, the Board credited Bracey for the time spent solely on the Board's detainer from July 9, 2019, to August 14, 2019. Therefore, the time Bracey is seeking to have applied is from August 14, 2019, to January 19, 2020, which equals five months and five days. This period is less than Bracey's six-month maximum sentence. Because Bracey had not completed the maximum term of his new sentence at the time he was granted parole, he is not entitled to any further credit on his original sentence.

Although the issue raised by Bracey relating to credit for pre-sentence time served is capable of repetition, it is an issue this Court has routinely and extensively addressed over the years. *See Barnes v. Pennsylvania Board of Probation & Parole*, 203 A.3d 382 (Pa. Cmwlth. 2019) (crediting petitioner's original sentence for time served over the maximum sentence of new charges); *Kobesky v. Pennsylvania Board of Probation & Parole* (Pa. Cmwlth., No. 812 C.D. 2019, filed Apr. 13, 2020) (affirming the Board's decision to apply pre-sentence time served to the new sentence). Moreover, Bracey will not suffer some detriment without this Court's decision because he is no longer serving his original sentence. Because the maximum parole date of October 26, 2021, on Bracey's original sentence has passed, and he is no longer under the custody and control of the Commonwealth, the instant appeal is moot. *See Santangelo*, slip op. at 5 (dismissing petitioner's appeal as moot as the issues presented in the appeal will continue to be addressed by the Court and petitioner would suffer no detriment without this Court's decision as the maximum sentence for parole had elapsed); *Davis*, slip op. at 6 (dismissing petitioner's appeal as moot because his maximum parole time expired meaning he would suffer no detriment without this Court's decision and the recalculation issue will not evade review in the future).

Accordingly, for the reasons set forth above, we dismiss Bracey's petition for review as moot.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Edmund Bracey,          :
        Petitioner      :
                           :  No. 1058 C.D. 2020
     v.                     :
                           :
Pennsylvania Parole Board,   :
        Respondent   :

## ***ORDER***

AND NOW, this 14th day of April, 2022, the petition for review filed by Petitioner John Edmund Bracey is DISMISSED as MOOT.

_____
PATRICIA A. McCULLOUGH, Judge