Ryan J. SMITH, Petitioner

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 18, 2013.
Decided Dec. 17, 2013.

───────

David Crowley, Chief Public Defender, Bellefonte, for petitioner.

Chad L. Allensworth, Assistant Counsel, Harrisburg, for respondent.

Before: COHN JUBELIRER, Judge, SIMPSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge COHN JUBELIRER.

Ryan J. Smith petitions for review of the March 11, 2013 Order of the Pennsylvania Board of Probation and Parole (Board) that dismissed Mr. Smith's Petition for Administrative Relief (Petition) as untimely pursuant to the regulation at 37 Pa. Code § 73.1 because it was filed more than thirty days after the Board's Decision and Order (Decision) recommitting Mr. Smith as a technical parole violator (TPV). On appeal, Mr. Smith argues that the Board erred in not permitting him to file the Petition *nunc pro tunc* because he established a breakdown in the administrative process that resulted from the Board not providing Mr. Smith with the name and contact information of the Centre County Public Defender's Office (PD's Office) or advising him that the PD's Office would assist him without cost and that he would not be subject to repercussions for appealing.

Mr. Smith currently is serving an aggregate sentence of 1 year, 3 months and 23 days to 6 years for various probation violations at the State Correctional Institution (SCI) Rockview. (Sentence Status Summary, C.R. at 1–2.) The Board originally paroled Mr. Smith on September 28, 2010, but he absconded, was declared delin-

quent, and ultimately was recommitted as a TPV. (Order to Release on Parole/Reparole, C.R. at 9; Administrative Action, C.R. at 13; Notice of Board Decision, C.R. at 14.) Thereafter, the Board reparoled Mr. Smith on February 26, 2012. (Order to Release on Parole/Reparole, C.R. at 18.) Mr. Smith again absconded and was declared delinquent effective July 30, 2012. (Administrative Action, C.R. at 22.) In the Decision, which was mailed on November 30, 2012, the Board recommitted Mr. Smith as a TPV for violating the conditions of his parole. (Decision at 1, C.R. at 23.) The Decision that was sent to Mr. Smith at SCI Rockview contained the following statement:

IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER. THIS REQUEST SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASIS FOR THE ALLEGATIONS. SEE 37 PA. CODE SEC. 73. YOU HAVE THE RIGHT TO AN ATTORNEY IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT.

(Decision at 1, C.R. at 23.) On December 18, 2012, Mr. Smith submitted an "Inmate's Request to Staff Member" (Inmate Request) to the Institutional Parole Supervisor (Supervisor), requesting information on how to request administrative relief from the Decision. (Inmate Request, C.R. at 28.) Supervisor responded on December 21, 2012 that Mr. Smith could "get the forms for Administrative Relief in the law library." (Inmate Request, C.R. at 28.)

 Ultimately, Mr. Smith, through the PD's Office, submitted his Petition, postmarked January 7, 2013, to the Board acknowledging that it was untimely but

requesting that it be accepted *nunc pro tunc.* Mr. Smith asserted that *nunc pro tunc* relief was proper because, *inter alia,* he was in administrative custody until January 3, 2013 and, therefore, could not obtain the forms necessary to file an appeal as directed by Supervisor, and neither the Supervisor nor the Board's Decision informed him of the name and address of the public defender who would file the appeal on his behalf without cost or repercussions from the Board. (Petition, Attachment at 1, C.R. at 26.) Mr. Smith contended that the lack of notice of this specific information constituted a breakdown in the administrative process and entitled him to having his Petition considered *nunc pro tunc.* (Petition, Attachment at 1, C.R. at 26.) The Board rejected Mr. Smith's request, stating that the mere allegation that the Decision was not immediately received is insufficient grounds to support an appeal *nunc pro tunc* and, therefore, it dismissed the Petition as untimely. (Determination, C.R. at 30.) Mr. Smith now petitions this Court for review.[1]

■ Mr. Smith acknowledges that his Petition was untimely; however, he asserts that he has made a *prima facie* showing of a breakdown in the administrative process and the Board should not have summarily dismissed his Petition as untimely. Specif-

ically, Mr. Smith argues that although the Decision acknowledged Mr. Smith's right to counsel in his appeal,[2] it did not inform him that the PD's Office was available at no cost to assist in filing the appeal and that there would be no repercussions from the Board for obtaining counsel. Mr. Smith contends that the lack of notice of this information is the type of breakdown in the administrative process alleged in *Larkin v. Pennsylvania Board of Probation and Parole,* 124 Pa.Cmwlth. 184, 555 A.2d 954 (1989), and supports a remand for an evidentiary hearing to determine whether *nunc pro tunc* relief is appropriate. In other words, Mr. Smith requests that he be given "the opportunity to make his case" for *nunc pro tunc* relief by presenting evidence of the breakdown in the administrative process in this matter. (Mr. Smith's Br. at 11.)

The Board responds that while it is obligated to provide the notice and information Mr. Smith argues is lacking here before preliminary and violation hearings, 37 Pa.Code § 71.2,[3] there is nothing in its regulations or case law that require it to provide that information at the appeal stage. According to the Board, Mr. Smith has not alleged that he did not receive this information at the hearings stage, and the Board is not required to advise a parolee

1. In reviewing a recommitment decision, this Court's review is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether the decision is in accordance with the law, and whether the Board violated any of the parolee's constitutional rights. *Larkin v. Pennsylvania Board of Probation and Parole,* 124 Pa.Cmwlth. 184, 555 A.2d 954, 956 n. 1 (1989).

2. Indigent parolees are entitled to the assistance of counsel at parole revocation hearings and in appealing an adverse decision by the Board. *Bronson v. Pennsylvania Board of Probation and Parole,* 491 Pa. 549, 558–59, 421 A.2d 1021, 1026 (1980).

3. Section 71.2 of the Board's regulations, which outlines the procedures for preliminary and violation hearings, expressly requires the Board to advise a parolee that: (1) the parolee has the right to retain counsel, and the name and address of the public defender of the county of confinement; (2) the parolee has the right to free counsel, if the parolee is unable to afford to retain counsel; and (3) there is no penalty for requesting counsel. 37 Pa.Code § 71.2(1)(iv), (5), (11)(v), (11)(vi), (12). Additionally, for the violation hearing, "if the parolee is unable to afford counsel, the Board will notify the appropriate public defender" by sending a copy of the notice given to the parolee. 37 Pa.Code § 71.2(12).

of additional rights of appeal beyond what is required by the Prisons and Parole Code (Code), 61 Pa.C.S. §§ 101–6309, and the Board's regulations. *Johnson v. Commonwealth,* 105 Pa.Cmwlth. 255, 524 A.2d 528, 529 (1987). The Board asserts that, because it was not required to provide the information Mr. Smith cites as the basis of his request for *nunc pro tunc* relief, that relief is not available and it properly dismissed Mr. Smith's untimely Petition.

 A parolee must appeal a revocation decision within thirty days of the Board's order or the appeal will be dismissed as untimely. Section 6113(d) of the Code, 61 Pa.C.S. § 6113(d); 37 Pa.Code § 73.1(b)(1); *McCaskill v. Pennsylvania Board of Probation and Parole,* 158 Pa. Cmwlth. 450, 631 A.2d 1092, 1095 (1993). This time period is jurisdictional and cannot be extended absent a showing of fraud or a breakdown of the administrative process. *Moore v. Pennsylvania Board of Probation and Parole,* 94 Pa.Cmwlth. 527, 503 A.2d 1099, 1101 (1986). A delay in filing an appeal that is not attributable to the parolee, such as the intervening negligence of a third-party or a breakdown in the administrative process, may be sufficient to warrant *nunc pro tunc* relief.[4] *Larkin,* 555 A.2d at 957–58. For example, in *Larkin* the parolee sent a letter requesting administrative relief from being recommitted as a TPV to the public defender's office prior to the expiration of the appeal period but, due to a "bureaucratic error by the [p]ublic [d]efender," no

attorney was assigned to the case until one day after the appeal period lapsed. *Id.* at 956. The parolee filed his appeal, which the Board dismissed as untimely. This Court, on appeal, reversed and remanded the matter for a hearing "to determine whether or not [the parolee] was denied the effective assistance of counsel by virtue of his attorney's failure to file a timely appeal" and whether this deprivation was caused by a breakdown in the administrative process or the intervening negligence of a third party. *Id.* at 958. If so, we directed the Board to grant the parolee *nunc pro tunc* relief. *Id.*

Here, Mr. Smith alleges several factors that must be considered and weighed in determining whether his untimely appeal was the result of a breakdown in the administrative process or the intervening negligent conduct of a third party. Specifically, he asserts as reasons for his untimely appeal: (1) the lack of specific information in the Decision about the PD's Office and the availability of counsel at no cost; (2) notice that his request for administrative relief or counsel for administrative relief would not subject him to repercussions from the Board; (3) the Inmate Request he submitted to Supervisor, within the appeal period, asking for specific information on how to appeal the Decision and Supervisor's response, which stated that the forms necessary to file for administrative relief were available from the law library, but did not mention any right to counsel, free or otherwise; and (4) that he was in detox and administrative custody

---

4. In addition, the "petitioner in an appeal *nunc pro tunc* must proceed with reasonable diligence once he knows of the necessity to take action." *Kaminski v. Montgomery County Board of Assessment Appeals,* 657 A.2d 1028, 1031 (Pa.Cmwlth.1995). "A party seeking permission to file a *nunc pro tunc* appeal ... needs to establish that: (1) [he] filed the appeal shortly after learning of and having an opportunity to address the untimeliness; (2) the elapsed time is one of very short duration; and (3) the respondent will not suffer prejudice due to the delay." *J.A. v. Department of Public Welfare,* 873 A.2d 782, 785 n. 4 (Pa. Cmwlth.2005). Here, Mr. Smith's Petition was filed only seven days after the expiration of the appeal period, and only three days after he alleges he was released from administrative custody.

during the appeal period, which may have affected his ability to obtain the information and forms necessary to file a timely appeal.[5] These factors, Mr. Smith contends, are sufficient to support the grant of *nunc pro tunc* relief.

In its Decision denying Mr. Smith's Petition as untimely, the Board stated that the fact that Mr. Smith's receipt of the Decision may have been delayed was insufficient to warrant *nunc pro tunc* relief. (Decision at 1, C.R. at 30.) This was not, however, one of the reasons Mr. Smith asserted to explain the untimeliness of the Petition. The failure of the Board to hold an evidentiary hearing for Mr. Smith to present evidence on whether the reasons he asserts for the untimeliness of the Petition constitutes a breakdown in the administrative process or were the negligent actions of a third party has left this Court with nothing to consider except Mr. Smith's bare factual allegations.[6] If a record has not been sufficiently developed as to allow complete appellate review, a remand is appropriate. *McNally v. Pennsylvania Board of Probation and Parole*, 940 A.2d 1289, 1294 (Pa.Cmwlth.2008). Based on the facts Mr. Smith does allege, we are left with numerous questions unanswered. For example, if Mr. Smith was in detox and administrative custody during the appeal period, could he obtain or did he have access to the information necessary to: (1) contact the PD's Office to request it to file an appeal; (2) complete the necessary administrative review forms; or (3) otherwise file a timely appeal given the advice he received from Supervisor regarding the law library. Answers to

these, and similar questions, can come only from the presentation of evidence at a hearing and must, ultimately, be set forth in a decision rendered by the Board.

We conclude, therefore, that it is necessary to remand this matter to the Board to hold an evidentiary hearing to determine whether the factors Mr. Smith alleges delayed the filing of his Petition were the result of the intervening negligence of a third-party or a breakdown in the administrative process. A remand is consistent with this Court's decision in *Larkin*, wherein we remanded that matter for the Board to consider whether the facts alleged established a breakdown in the administrative process or the intervening negligence of a third party that would warrant the Board to accept the untimely petition in that case. *Larkin*, 555 A.2d at 957–58.

Accordingly, we vacate the Board's Order and remand this matter for an evidentiary hearing in accordance with the foregoing opinion.

### ORDER

**NOW,** December 17, 2013, the March 11, 2013 Order of the Pennsylvania Board of Probation and Parole entered in the above-captioned matter is hereby **VACATED,** and this matter is **REMANDED** for an evidentiary hearing in accordance with the foregoing opinion.

Jurisdiction relinquished.

5. This final allegation was asserted in more detail in the Petition.

6. Nevertheless, the Board attempts to address some of these allegations in its brief by asserting, *inter alia*, that Mr. Smith could have filed the Petition in his own handwriting, via computer or typewriter and it would have been sufficient to be considered. (Board's Br. at 9.) However, we note that this is contrary to the advice Mr. Smith alleges he received from the Board's representative, Supervisor. (Inmate Request, C.R. at 28.)