IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Leandros Echavarria,           :
                                  : No. 604 C.D. 2015
               Petitioner    : Submitted: December 31, 2015
                                  :
            v.                :
                                  :
Pennsylvania Board         :
of Probation and Parole,    :
                                  :
              Respondent   :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN            FILED: February 25, 2016


Leandros Echavarria petitions for review of the March 26, 2015, order of the Pennsylvania Board of Probation and Parole (Board), dismissing Echavarria's petition for administrative relief as untimely. We affirm.


On December 13, 2001, Echavarria was sentenced to 3 to 10 years in prison for aggravated assault and robbery with a maximum release date of October 24, 2011. On November 7, 2005, Echavarria was paroled to a community corrections center.

---

[1] This case was assigned to Senior Judge Friedman before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

On May 6, 2006, the Board declared Echavarria delinquent. On November 10, 2006, Philadelphia police arrested Echavarria. On December 28, 2006, the Board recommitted Echavarria to a state correctional institution (SCI) as a technical parole violator to serve 12 months' backtime, when available, for multiple technical parole violations, and recalculated his maximum release date to April 30, 2012. On April 15, 2010, the Board paroled Echavarria to a community corrections center.

On April 28, 2011, Philadelphia police arrested Echavarria for aggravated assault, criminal conspiracy, robbery, carjacking, possessing instruments of crime, simple assault, and recklessly endangering another person. On April 29, 2011, the Board lodged a detainer against Echavarria.

On May 6, 2011, the Board notified Echavarria of the parole violation charges against him and of a detention hearing scheduled for May 10, 2011. On that same date, Echavarria signed a waiver of counsel and the detention hearing. On November 14, 2011, the trial court found Echavarria guilty of robbery, conspiracy, and possessing instruments of crime. On January 10, 2012, the trial court sentenced Echavarria to 10 to 20 years in a SCI.

On February 7, 2012, the Board notified Echavarria of the parole violation charges against him and that a revocation hearing was scheduled for February 23, 2012, due to his new criminal convictions. On that same date, Echavarria signed a waiver of counsel and the revocation hearing and admitted that he was convicted of new criminal charges in violation of his parole.

2

Based upon the waiver, the Board, by decision mailed April 2, 2012, recommitted Echavarria as a convicted parole violator (CPV) to serve his unexpired term and recalculated Echavarria's maximum release date to April 27, 2014. The Board's revocation decision states:

> IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER. THIS REQUEST SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASIS FOR THE ALLEGATIONS. SEE 37 PA CODE SEC. 73. YOU HAVE THE RIGHT TO AN ATTORNEY IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT.

(Bd.'s Decision, 4/2/12, at 1.) Echavarria did not file a request for administrative relief with the Board within 30 days of the April 2, 2012, decision.

However, nearly three years later, on February 4, 2015, Echavarria filed a petition for administrative relief with the Board, objecting to the Board's authority to extend his maximum release date. On March 26, 2015, the Board dismissed Echavarria's petition as untimely because he filed it more than 30 days after the mailing date of the Board's April 2, 2012, decision. Echavarria now petitions for review of that order.[2]

---

[2] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

Before this court, Echavarria argues that the Board erred in dismissing his petition for administrative relief as untimely. We disagree.

The Board mailed its revocation decision to Echavarria on April 2, 2012. In accordance with the Board's regulations, Echavarria had 30 days, or until May 2, 2012, to request administrative relief. *See* 37 Pa. Code §73.1(b)(1) and (3).[3] Echavarria did not file his petition until February 4, 2015. The Board lacks jurisdiction to decide a petition for administrative relief received after the 30-day appeal period has expired. *Pometti v. Pennsylvania Board of Probation and Parole*, 705 A.2d 953, 955 (Pa. Cmwlth. 1998). "This time period is jurisdictional and cannot be extended absent a showing of fraud or a breakdown of the administrative process." *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013).

---

[3] 37 Pa. Code §73.1(b)(1) and (3) provide:

>(b) *Petitions for administrative review.*
>
>>(1) A parolee, by counsel unless unrepresented, may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a). Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination.
>
>>\* \* \*
>
>>(3) Second or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received.

Echavarria contends, however, that there was a breakdown in the administrative process and, therefore, he is permitted to file an untimely petition for administrative relief. Echavarria alleges that the Board's revocation decision failed to: (1) notify him of the Board's April 2, 2012, decision; (2) provide him with a comprehensive guide on how to file a request for administrative relief; (3) provide him with an appeal form; (4) provide him with a copy of section 6138(a) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a); and (5) provide him a list of names and addresses of the public defenders so that he could seek assistance in this appeal process. (Echavarria's Br. at 13.)

In his brief, Echavarria concedes that the Board's decision was mailed to him on April 2, 2012, and that his appeal was untimely. (*Id.* at 11.) Thus, there is no dispute that Echavarria was notified of the Board's revocation decision. As to Echavarria's four remaining allegations, the Board regulations do not require that the Board provide Echavarria any of this information in its revocation decision. *See* 37 Pa. Code §§71.2(1)-(8), 71.3(9), 71.4(1)-(2), (8), and 73.1(b)(1)-(4).

Before a parolee is recommitted as a CPV, the Board must hold a revocation hearing. 37 Pa. Code §71.4(1). Before the revocation hearing, the Board must notify the parolee of his or her rights to: (1) a revocation hearing, (2) notice of the date of the hearing, (3) be heard by a panel, (4) retain counsel, (5) free counsel if he or she is unable to afford counsel, (6) the name and address of the public defender, and (7) speak and present witnesses and evidence. 37 Pa. Code §71.4(2)(i)-(ii), (iv). Further, the Board must advise the parolee that "[t]here is no penalty for requesting counsel" and that "[t]he purpose of the hearing is to determine whether to revoke

5

parole and that if revocation is ordered, the parolee will receive no credit for time spent at liberty on parole." 37 Pa. Code §71.4(2)(iii), (v).

Thus, prior to a revocation hearing, the Board's regulations require that a parolee be informed, *inter alia*, of his or her right to counsel and the name and address of the public defender. However, the regulations do not require a revocation *decision* to include this information. The regulations only require that "[i]f revocation is ordered, the revocation decision shall be transmitted to the parolee and to counsel of record." 37 Pa. Code §71.4(8). Here, the Board mailed its decision to Echavarria. No other information was required. Thus, the Board did not err in failing to provide the information that Echavarria alleges was required in its revocation decision that recommitted Echavarria as a CPV.[4]

Further, because Echavarria is essentially asking for *nunc pro tunc* relief, we will also address that issue. When requesting an appeal *nunc pro tunc*, the petitioner "'must proceed with reasonable diligence once he knows of the necessity to take action.'" *Smith*, 81 A.3d at 1094 n.4 (citation omitted).

> "A party seeking permission to file a *nunc pro tunc* appeal . . . needs to establish that: (1) [he] filed the appeal shortly after learning of and having an opportunity to address the untimeliness; (2) the elapsed time is one of very short duration; and (3) the respondent will not suffer prejudice due to the delay."

---

[4] Further, Echavarria cites no authority for his proposition that the Board is required to provide such information in its revocation decision.

*Id.* (citation omitted). Echavarria's request for administrative relief was received by the Board nearly three years after Echavarria received the Board's April 2, 2012, revocation decision recommitting him as a CPV. The time between the Board's April 2, 2012, decision and Echavarria's request for administrative relief was not "'of very short duration.'" *Id.* (citation omitted). Thus, the Board properly dismissed Echavarria's request for administrative relief of the April 2, 2012, decision as untimely.

Accordingly, we affirm.

ROCHELLE S. FRIEDMAN, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Leandros Echavarria,                    :
                                        : No. 604 C.D. 2015
                    Petitioner          :
                                        :
            v.                          :
                                        :
Pennsylvania Board                      :
of Probation and Parole,                :
                                        :
                    Respondent          :


O R D E R


AND NOW, this 25<u>th</u> day of <u>February</u>, 2016, we hereby affirm the March 26, 2015, order of the Pennsylvania Board of Probation and Parole.

ROCHELLE S. FRIEDMAN, Senior Judge