IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamarr Sistrunk,                       :
                      Petitioner       :
                                       :
              v.                       :
                                       :
Pennsylvania Board of Probation and    :
Parole,                                :   No. 723 C.D. 2016
                      Respondent       :   Submitted: November 4, 2016


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: November 30, 2016


        Lamarr Sistrunk (Sistrunk) petitions *pro se* for review from a decision of the Pennsylvania Board of Probation and Parole (Board) dismissing his application for administrative relief as untimely. We affirm.


        On February 2, 2010, the Board granted Sistrunk conditional parole and he was paroled to Keystone Correctional Services, Inc. on August 2, 2010. Subsequently, Sistrunk was arrested by the York City Police Department on July 1, 2011, and detained in the York County Prison on two counts of manufacture, delivery or possession with intent to manufacture or deliver crack cocaine and possession of marijuana. The Board issued its detainer against him that same day.

On July 7, 2011, the Board issued Sistrunk a notice of charges and hearing, and Sistrunk waived his right to a detention hearing and right to counsel. By Board decision recorded on August 18, 2011, Sistrunk was detained pending disposition of his new criminal charges. On April 13, 2012, Sistrunk was found guilty of two counts of manufacture, delivery or possession with intent to manufacture or deliver crack cocaine and was sentenced to five to ten year's confinement.

On July 10, 2012, Sistrunk again waived his right to a revocation hearing before the Board and his right to counsel and admitted he was convicted of the above criminal charges. By decision dated August 8, 2012,[1] the Board recommitted Sistrunk as a convicted parole violator (CPV) to serve 18 months backtime when available. The Board then sent Sistrunk notice that the unserved balance of his original sentence was 1,516 days (or 4 years, 1 month and 24 days), and that his recalculated parole violation maximum date was October 1, 2016. On October 12, 2012, the Board issued a decision[2] confirming its action dated August 8, 2012, confirming Sistrunk's parole violation maximum date of October 1, 2016, and listing his reparole eligibility date as February 7, 2014. Both the August 8, 2012 and October 12, 2012 notices of the Board's decisions contained the following statement:

---

[1] Notice of the Board's August 8, 2012 decision was mailed to Sistrunk at the York County Prison on August 9, 2012.

[2] Notice of the Board's October 12, 2012 decision was mailed to Sistrunk at the State Correctional Institution at Camp Hill on October 19, 2012.

2

IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER. THIS REQUEST SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASIS FOR THE ALLEGATIONS. SEE 37 PA CODE SEC. 73. YOU HAVE THE RIGHT TO AN ATTORNEY IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT.

(Certified Record at 96, 97.)

Sistrunk was constructively paroled to his detainer sentence on February 19, 2014, and began serving time on his new conviction. His minimum release date for his new conviction is March 13, 2017, and his maximum release date is January 13, 2023.

On March 19, 2016, the Board received correspondence from Sistrunk contesting the Board's October 19, 2012 decision to recommit him as a CPV, almost three-and-a-half years after the decision was issued. The Board dismissed this application for administrative relief as untimely filed. This appeal followed.[3]

Pursuant to the Board's regulations, a parolee must appeal a decision revoking his or her parole within 30 days of the mailing date of the Board's order

---

[3] Our review is limited to determining whether the Board's decision is supported by substantial evidence, whether an error of law was committed, or whether constitutional rights have been violated. *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1093 n.1 (Pa. Cmwlth. 2013) (citation omitted).

or the appeal will be dismissed as untimely. 37 Pa. Code § 73.1(b)(1); *see also Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013); *Cadogan v. Pennsylvania Board of Probation and Parole*, 541 A.2d 832, 833 (Pa. Cmwlth. 1988). The 30-day time period is jurisdictional and cannot be extended absent a showing of fraud or a breakdown in the administrative process sufficient to warrant *nunc pro tunc* relief. *Smith*, 81 A.3d at 1094 (citing *Moore v. Pennsylvania Board of Probation and Parole*, 503 A.2d 1099, 1101 (Pa. Cmwlth. 1986)).

Here, Sistrunk admittedly did not file an administrative appeal with the Board within 30 days of its decisions mailed on August 9, 2012, and October 19, 2012, respectively. Sistrunk does not argue that he failed to receive proper notice and there is nothing in the record indicating that notice was not properly sent. Both notices of the Board's decisions contain clear language indicating that Sistrunk must file his appeal within 30 days. In addition, Sistrunk's brief to this Court fails to allege fraud or a breakdown in the administrative process, let alone make the general assertion that his appeal should be permitted *nunc pro tunc*. At no point does he explain the more than three-year delay in filing. He merely argues, for the first time on appeal, that the legality of an underlying sentence may be raised at any time. This argument is without merit and, moreover, has been waived as it was not raised before the Board in Sistrunk's administrative appeal. *See Newsome v. Pennsylvania Board of Probation and Parole*, 553 A.2d 1050, 1052 (Pa. Cmwlth. 1989) (citing Section 703(a) of the Administrative Agency Law, 2 Pa. C.S. § 703(a)).

4

Because his appeal was not submitted within 30 days of the Board's revocation order, we discern no error in the Board's dismissal of Sistrunk's administrative appeal as untimely.

Accordingly, the order of the Board is affirmed.[4]

_____
DAN PELLEGRINI, Senior Judge

---

[4] Sistrunk argues in his brief to this Court that the Board does not have the authority to alter the maximum release date of "his judicially imposed sentence" and that the Board improperly calculated his reparole eligibility date. (Petitioner's Brief at 2.) Because of the manner in which we resolve this matter, we do not reach these issues.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamarr Sistrunk,                   :
                 Petitioner     :
                                    :
           v.                    :
                                    :
Pennsylvania Board of Probation and     :
Parole,                                  :
                 Respondent    :    No. 723 C.D. 2016

# **O R D E R**

AND NOW, this 30th day of November, 2016, the decision of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.

_____
DAN PELLEGRINI, Senior Judge