IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wilson Rivera, : 
              Petitioner : 
          : 
          v. : No. 1122 C.D. 2017
          : Submitted: April 6, 2018
Pennsylvania Board of Probation and : 
Parole, : 
             Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE ROBERT SIMPSON, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                FILED: July 19, 2018

Wilson Rivera petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Parole Board) dismissing as untimely his request for an administrative review of the Board's calculation of his maximum sentence date. Rivera contends that because he did not receive the Parole Board's recommitment decision with the new sentence calculation in time to meet the 30-day appeal deadline, he is entitled to a *nunc pro tunc* appeal. Concluding that an evidentiary record is required to decide Rivera's appeal, we vacate and remand.

Rivera is a registered sexual offender.[1] In 2008, he was charged by the Reading Police Department with failure to comply with his registration requirements. He pled guilty in the Court of Common Pleas of Berks County and

---

[1] Rivera was convicted by the State of Ohio. In 2006, he became eligible for parole. In order to live with his brother in Reading, Pennsylvania, he transferred his parole supervision to Pennsylvania.

received a two-to-ten-year sentence. At that time, his maximum sentence date was November 17, 2018. On June 9, 2011, Rivera was released on parole.

On January 11, 2013, the Parole Board lodged a detainer warrant against Rivera for several technical parole violations: displaying assaultive behavior; being the subject of a protection from abuse order; and testing positive for alcohol and cocaine. On February 21, 2013, the Parole Board recommitted Rivera as a technical parole violator to serve six months backtime. The Parole Board further directed that Rivera would be automatically reparoled on July 11, 2013, if he completed the backtime without committing an infraction that triggered discipline. On July 11, 2013, Rivera was reparoled to the Wernersville Community Corrections Center.

On September 8, 2015, Rivera was arrested and charged with burglary, simple assault, criminal trespass and harassment. The Parole Board lodged a detainer warrant against him, pending the disposition of the new criminal charges.[2] On April 14, 2016, Rivera pled guilty to criminal trespass and simple assault and was sentenced to two to four years of incarceration. Rivera waived his right to a revocation hearing. On June 16, 2016, the Parole Board recommitted Rivera to serve 24 months backtime as a convicted parole violator and recalculated his maximum

---

[2] The Parole Board also charged Rivera with a technical violation because he was arrested for assaulting a woman he specifically agreed to have no contact with pursuant to Condition No. 7 of his parole agreement. Rivera waived his right to counsel at his technical parole violation hearing and admitted to violating Condition No. 7. Rivera did not offer any mitigating evidence for the violation. The Parole Board issued a decision recommitting him to serve nine months backtime. Rivera requested administrative review because the decision stated that he had been convicted in a court of record, was a threat to the community, and was not amenable to parole supervision. The Board Secretary modified the Parole Board decision by deleting the statement that Rivera had been convicted in a court of record. This was characterized as a typo; further administrative relief was denied.

sentence date to March 26, 2023. The Parole Board mailed its decision to Rivera on June 30, 2016.

Rivera, *pro se*, requested administrative review of the Parole Board's decision. His letter stated that he did not receive the Parole Board's decision until July 26, 2016, which Rivera's letter characterized as "28 days after [it was] mailed." Certified Record at 117 (C.R. __). Rivera did not know why he received the Parole Board's decision "so late." *Id*.

On the merits of his appeal, Rivera asked "for all [of his] street time back." C.R. 141. He observed that because the sentencing judge gave him credit for 249 days, that time should have been treated as time served. The Parole Board's Chief Counsel, Administrative Review Designee, responded that Rivera's administrative appeal was received August 11, 2016, and postmarked August 9, 2016. Rivera was obligated to appeal within 30 days of the mailing date of the Parole Board's determination, which was June 30, 2016. Because Rivera failed to meet this deadline for filing an appeal, his request for administrative relief was dismissed.

The administrative reviewer's response went on to explain the Board's calculation of Rivera's maximum sentence date. When Rivera was paroled on July 11, 2013, he had 1955 days remaining on his original sentence. Previously, he had been on parole from June 9, 2011, through January 11, 2013, when he was detained on technical parole violations. Because he was in prison from September 8, 2015, until April 14, 2016, on new criminal charges, that time was credited to his new sentence, not his original sentence. The Board calculated a new maximum sentence date of March 26, 2023, by adding Rivera's street time from July 11, 2013, to September 7, 2015, and from June 9, 2011, to January 11, 2013, to the 1955 days remaining on his original sentence.

3

Rivera petitioned for this Court's review. He has raised one issue, *i.e.*, whether it was error to dismiss his administrative appeal as untimely.[3]

Rivera argues that he did not receive the Parole Board's decision until July 29, 2016. Notably, in his letter to the Parole Board, he stated that he received the decision on July 26th, which he then identifies as 28 days after the June 30th mailing, *i.e.*, July 28, 2016. Whether Rivera received the Parole Board decision on the 26th, 28th, or 29th, the essence of his argument is the same. Rivera asserts that he received the Parole Board decision too late to file an appeal prior to the deadline.

Rivera is incarcerated at SCI-Graterford. He argues that the prison has numerous problems with mail delivery. Rivera asks this Court to remand for administrative review. In the alternative, he asks for an evidentiary hearing to establish, with Department of Corrections' mail records, the date on which the Parole Board's decision was delivered to him.

The Parole Board responds that Rivera's appeal was properly dismissed. Rivera admits he does not know why he received the Parole Board's decision late and has offered no evidence to support his claim. Further, the Parole Board properly calculated Rivera's maximum sentence date, which makes a *nunc pro tunc* appeal pointless.[4]

---

[3] Our review of the grant or denial of *nunc pro tunc* relief determines whether an abuse of discretion occurred or an error of law was committed. *Puckett v. Department of Transportation, Bureau of Driver Licensing*, 804 A.2d 140, 143 n.6 (Pa. Cmwlth. 2002).

[4] In *Commonwealth v. 2002 Subaru Impreza VIN No. JF1GG68552G821124* (Pa. Cmwlth., No. 448 C.D. 2013, filed December 18, 2013) (unreported), the Commonwealth asserted that because the claimant could not prevail on the merits, a *nunc pro tunc* claim was irrelevant. This Court rejected this argument. We explained that the merit of the underlying appeal is not a factor in determining whether an appeal *nunc pro tunc* is warranted. Holding that the trial court erred by considering the merits, we remanded the matter to the trial court to address the claimant's petition for leave to appeal *nunc pro tunc*. *See also* 210 Pa. Code §69.414(a) (stating that an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value).

A parolee must appeal a parole revocation within 30 days of the Parole Board's order or it will be dismissed as untimely. Section 6113(d) of the Prisons and Parole Code, 61 Pa. C.S. §6113(d). The Parole Board's regulation on petitions for administrative review states as follows:

> Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination. When a timely petition has been filed, the determination will not be deemed final for purposes of appeal to a court until the Board has mailed its response to the petition for administrative review.

37 Pa. Code §73.1(b)(1).

It is undisputed that Rivera's request for administrative review was not filed within 30 days of the Parole Board's decision. However, an appeal *nunc pro tunc* may be allowed where the delay in filing was caused by extraordinary circumstances involving fraud or a breakdown in the administrative process or non-negligent circumstances related to the appellant, his attorney, or a third party. *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130, 1131 (Pa. 1996).

Rivera claims his mail was delayed through no fault of his own. As an inmate, he has no control over how or when his mail is delivered. In *Bradley v. Pennsylvania Board of Probation and Parole*, 529 A.2d 66 (Pa. Cmwlth. 1987), we held that a delay in filing an appeal caused by prison officials' failure to deliver an inmate's mail warranted *nunc pro tunc* review. There, an inmate was transferred from SCI-Graterford to SCI-Dallas. Because prison officials declined to forward his mail to SCI-Dallas, the inmate did not learn that his request for administrative relief had been denied until after the 30-day appeal period had run. The inmate requested *nunc pro tunc* relief. The Parole Board argued that it was the inmate's obligation to notify the Parole Board of the address change, and he did not do so. Although the

5

Parole Board mailed the notice to the address in its file, we held that the inmate was entitled to a *nunc pro tunc* hearing. The Department of Corrections knows where the inmates in its custody are housed, and it should have forwarded the mail. Because the delay in the appeal "was caused by negligence in the prison system for which the [inmate] should not be penalized[,]" the inmate was granted *nunc pro tunc* relief. *Id*. at 68.

In *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, (Pa. Cmwlth. 2013), the inmate's administrative appeal was dismissed as untimely by the Parole Board. The inmate claimed that the delay was caused by prison officials, who did not respond to his request for the administrative appeal forms, and, further, by his placement in administrative custody during the appeal period. This Court remanded the matter to the Parole Board. We concluded that an evidentiary hearing was necessary to determine whether the inmate's claims warranted *nunc pro nunc* relief. We explained that "[t]he failure of the [Parole] Board to hold an evidentiary hearing for [the inmate] to present evidence on whether the reasons he asserts for the untimeliness of the [p]etition constitutes a breakdown in the administrative process or were the negligent actions of a third party has left this Court with nothing to consider except [the inmate's] bare factual allegations." *Id*. at 1095 (internal footnote omitted).

Here, Rivera claims that the delay in filing his administrative appeal was not due to any negligence on his part but, rather, by a delay in the receipt of his mail. The Parole Board did not hold an evidentiary hearing for Rivera to present evidence on whether he is entitled to a *nunc pro tunc* appeal. In the absence of a record, all we have are Rivera's "bare factual allegations." *Smith*, 81 A.3d at 1095. This makes appellate review impossible.

6

Accordingly, the Parole Board's dismissal of Rivera's administrative appeal as untimely must be vacated and the matter remanded to the Parole Board for an evidentiary hearing and determination of whether Rivera has established grounds for *nunc pro tunc* relief.

_____
MARY HANNAH LEAVITT, President Judge

Judge Simpson concurs in the result only.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wilson Rivera,                          :
                    Petitioner           :
                                         :
            v.                           :     No. 1122 C.D. 2017
                                         :
Pennsylvania Board of Probation and     :
Parole,                                  :
                    Respondent           :

# **O R D E R**

AND NOW, this 19th day of July, 2018, the order of the Pennsylvania Board of Probation and Parole (Parole Board), dated June 16, 2017, is hereby VACATED, and the matter is REMANDED to the Parole Board to conduct an evidentiary hearing in accordance with the attached opinion.

Jurisdiction relinquished.


_____
MARY HANNAH LEAVITT, President Judge