# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shaquille Mcadory,                :
             Petitioner       :
                                   :
           v.                :     No. 224 C.D. 2018
                                   :     Submitted: September 7, 2018
Pennsylvania Board of Probation     :
and Parole,                       :
             Respondent     :


BEFORE:     HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE ELLEN CEISLER, Judge


<u>OPINION NOT REPORTED</u>


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**             **FILED: October 4, 2018**


Shaquille Mcadory (Mcadory) petitions for review of the Decision of the Pennsylvania Board of Probation and Parole (Board), mailed January 23, 2018, dismissing as untimely his administrative appeal from a Decision of the Board, mailed March 11, 2016, which recommitted him as a convicted parole violator to serve the remainder of his unexpired term of imprisonment. Appointed counsel, Marc T. Valentine, Esquire (Counsel), has filed an application for leave to withdraw as counsel (Application) on the grounds that Mcadory's Petition for Review lacks merit. After review, we grant Counsel's Application and affirm the Board's Decision mailed January 23, 2018.

Mcadory was reparoled on September 19, 2014, while serving a sentence of two to four years of imprisonment on a conviction for firearms not to be carried without a license, in violation of Section 6106(a)(1) of the Crimes Code, 18 Pa. C.S. § 6106(a)(1). On March 15, 2015, the Erie City Police Department arrested Mcadory, and he was charged with violating Section 6106(a)(1) of the Crimes Code. Having reached his original maximum sentence date, the Board issued an administrative action declaring Mcadory delinquent for control purposes as of the date of his arrest based on the pending criminal charge. On November 16, 2015, upon Mcadory's plea of guilty to Section 6106(a)(1) of the Crimes Code, he was sentenced to three-and-a-half to seven years' imprisonment. By Notice of Board Decision mailed March 11, 2016, the Board recommitted Mcadory to a state correctional institution as a convicted parole violator to serve the remaining unexpired term of 449 days on his first conviction for violating Section 6106(a)(1) of the Crimes Code. On May 11, 2016, the Board received an Administrative Remedies Form from Mcadory challenging the Board's Decision of March 11, 2016, on the ground that the recommitment violated his constitutional right to be free of double jeopardy.[1] (Certified Record (C.R.) at 32.)

In response to Mcadory's Administrative Remedies Form, the Board issued the Decision mailed January 23, 2018, dismissing his administrative appeal as untimely. (Board Decision, Jan. 23, 2018, at 1-2.) The Board highlighted that the Decision from which Mcadory appealed had been mailed on March 11, 2016, and, therefore, Mcadory had 30 days, or until April 11, 2016, to file an administrative

---

[1] Mcadory indicated on his Administrative Remedies Form that he submitted it on May 3, 2016. The envelope containing the Administrative Remedies Form bears a postmark of May 9, 2016.

2

appeal challenging the Decision. Since the Board did not receive Mcadory's administrative appeal by that date, the Board concluded that his appeal was untimely and had to be dismissed.[2]

Petitioner, through Counsel, filed a Petition for Review challenging the Board's denial of his administrative appeal. Thereafter, the Board moved to limit the issue on appeal to whether the Board had properly dismissed Mcadory's administrative appeal as untimely, which, without opposition from Counsel, this Court granted.

Thereafter, Counsel filed the Application, which was accompanied by a *Turner*[3] or no merit letter, dated June 13, 2018, and sent to Mcadory and the Board. Counsel noted in his *Turner* letter that the only issue currently before the Court for review is the timeliness of Mcadory's administrative appeal. Counsel summarized the relevant facts of the case and, noting that he had conducted an extensive examination of the record and exhaustive research of the issue, concluded that Mcadory's Petition for Review lacks merit. Counsel stated that there was no dispute that Mcadory had received the Board's Decision mailed March 11, 2016. Counsel pointed out that while Mcadory had told Counsel that he did not timely receive the Board's Decision of March 11, 2016, Mcadory had never provided Counsel with a specific date as to when he did in fact receive that Decision. Further, Counsel highlighted, in communications with Mcadory, Mcadory had not provided Counsel with any facts that would support the grant of *nunc pro tunc* relief. Counsel advised Mcadory in the *Turner* letter that he had the right to retain substitute counsel or file

---

[2] "Purely for [Mcadory's] information," the Board addressed the substance of his challenge and concluded that his right to be free from double jeopardy had not been violated. (Board Decision, Jan. 23, 2018, at 1.)

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

a brief pro se. Counsel also served a June 22, 2018 order of this Court informing Mcadory that he could obtain substitute counsel at his own expense or file a brief on his own behalf, neither of which Mcadory has done. The matter is now ready for our review.

Before appointed counsel may withdraw from representation in a case in which the right to counsel does not derive from the United States Constitution, such as here, counsel must file an Application to Withdraw accompanied by a *Turner* letter. The *Turner* letter must contain: (1) the nature and extent of counsel's review; (2) the issues the petitioner wishes to raise; and (3) counsel's analysis in concluding that the petitioner's appeal is without merit. *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009). In addition, counsel must send the petitioner a copy of the *Turner* letter, a copy of counsel's Application to Withdraw, and a statement advising the petitioner of his right to proceed with new counsel or pro se. *Zerby v. Shanon*, 964 A.2d 956, 960 *(*Pa. Cmwlth. 2009). Once counsel satisfies the procedural requirements of *Turner*, this Court will "conduct its own review of the merits of the case." *Id.* (citation omitted).

Here, Counsel has complied with the procedural requirements of *Turner*. As we have set forth, Counsel has explained the nature and extent of his review of the record, addressed the sole issue that is currently before the Court, and provided a sufficient analysis of that issue and his reasons for concluding that this issue lacks merit. Counsel served copies of both the Application and the *Turner* letter on Mcadory and the Board. In the *Turner* letter and again pursuant to our June 22, 2018 order, Counsel informed Mcadory that he could retain substitute counsel or file a

4

brief on his own behalf. Thus, Counsel has satisfied the procedural requirements of *Turner*.

We must now conduct our own review to determine whether, as Counsel has concluded, Mcadory's Petition for Review is, in fact, without merit.[4] *Hughes*, 977 A.2d at 25. "An administrative appeal from a recommitment as a parole violator must be filed within 30 days of the date that [the] Board's decision was mailed to the inmate." *Lawrence v. Pa. Bd. of Prob. & Parole*, 145 A.3d 799, 803 (Pa. Cmwlth. 2016); *see also* Section 6113(d) of the Prisons and Parole Code, 61 Pa. C.S. § 6113(d); 37 Pa. Code § 73.1(a). "This time period is jurisdictional and cannot be extended absent a showing of fraud or a breakdown of the administrative process" sufficient to warrant *nunc pro tunc* relief. *Smith v. Pa. Bd. of Prob. & Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013). "A delay in filing an appeal that is not attributable to the parolee, such as the intervening negligence of a third-party or a breakdown in the administrative process, may be sufficient to warrant *nunc pro tunc* relief." *Id.*

Here, the mailing date of the Board's Decision Mcadory sought to appeal is March 11, 2016. Therefore, Mcadory's administrative appeal was due on or before April 11, 2016. Mcadory, however, waited until May 2016, before seeking such relief, rendering it untimely. Further, other than Mcadory's bare allegation to Counsel that Mcadory did not timely receive the Board's Decision of March 11, 2016, there is no indication of fraud or a breakdown in the process which would warrant *nunc pro tunc* relief. *Id.*; *see J.A. v. Dep't of Pub. Welfare*, 873 A.2d 782, 786 (Pa. Cmwlth. 2005) (stating that a bare allegation that one has not received a

---

[4] We review the action of the Board for "whether the decision was supported by substantial evidence, whether an error of law occurred or whether constitutional rights were violated." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1023 n.5 (Pa. Cmwlth. 2017).

5

mailing is insufficient to warrant a *nunc pro tunc* appeal). Mcadory has not provided Counsel with a specific date on which he did receive the Board's Decision, nor any other explanation or argument as to how he was prevented from timely filing his administrative appeal. Consequently, we must conclude that the Board did not err when it dismissed Mcadory's administrative appeal as untimely, and Mcadory's Petition for Review is without merit.

Accordingly, we grant Counsel's Application and affirm the Board's Decision mailed January 23, 2018.

 

 

_____
**RENÉE COHN JUBELIRER,** Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shaquille Mcadory,             :
             Petitioner     :
                       :
           v.          :   No. 224 C.D. 2018
                       :
Pennsylvania Board of Probation  :
and Parole,               :
            Respondent   :

# **O R D E R**

    **NOW**, October 4, 2018, the Application for Leave to Withdraw as Counsel filed by Marc T. Valentine, Esquire, is **GRANTED**. The Decision of the Pennsylvania Board of Probation and Parole, mailed January 23, 2018, is **AFFIRMED**.

 

_____
**RENÉE COHN JUBELIRER,** Judge