IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Jones, : 
                                  :
              Petitioner    :
                                    :
             v.               : No. 1213 C.D. 2018
                                    : Submitted: February 1, 2019
Department of Corrections, : 
                                    :
              Respondent : 

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                  FILED: August 14, 2019


        James Jones (Requester) petitions *pro se* for review of the Office of Open Records' (OOR) final determination, dated August 16, 2018, dismissing as deficient his appeal from the Pennsylvania Department of Corrections' (Department) denial of his request for the release of documents under the Right-to-Know Law (RTKL).[1] For the reasons that follow, we vacate and remand.

        Requester, an inmate incarcerated at the State Correctional Institution at Phoenix (SCI-Phoenix), filed a request with the Department, received on June 25, 2018, for the following:

> [a]ny and all documentation related to or about the H-code, names and titles of any employees responsible for reviewing annually the H-code status. [B]reakdown of the racial nationality of all inmates who have been on the

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

H-code in the past (10) years and the names of all inmates
who had the H-code eliminated or reduced and the reason.

Department's Brief at Exhibit A. On June 26, 2018, the Department issued a 30-day extension for legal review. Department's Brief at Exhibit B. On July 25, 2018, the Department issued a final response granting in part and denying in part the request. Department's Brief at Exhibit C. The final response informed Requester that he had 15 business days from the date of the Department's decision, or until August 15, 2018, to appeal the denial to OOR and send to OOR:

> 1) this [final] response; 2) your [RTKL] request; and 3) the reason why you think the agency is wrong in its reasons for saying that the record is not public (a statement that addresses any ground stated by the agency for the denial. If the agency gave several reasons why the record is not public, state which ones you think were wrong.

Department's Brief at Exhibit C (emphasis in original). On August 7, 2018, Requester submitted an appeal to OOR, challenging the Department's denial of his request. Certified Record (C.R.), Item No. 1. On August 8, 2018, OOR sent Requester an Order - Notice of Filing Deficiency (Notice). C.R., Item No. 3. In the Notice, OOR required that Requester provide a copy of the RTKL request and the Department's response in order to cure the deficiency in Requester's appeal. *Id*. The Notice advised Requester that he had seven calendar days from August 8, 2018,[2] to cure the defect and directed him to file the documents that were not included with the appeal by August 15, 2018. *Id*. If Requester failed to file the required documents, his appeal to OOR would be dismissed. *Id*.

On August 16, 2018, OOR issued its final determination and dismissed Requester's appeal as insufficient based on his failure to comply with OOR's order

---

[2] August 8, 2018, is the date the record opened in this appeal to OOR. *See* C.R., Item Nos. 2-3.

to provide the required documentation by August 15, 2018. C.R., Item No. 4, at 1-2.

Requester then filed a petition for review (PFR) with this Court.[3] Attached to the PFR is a copy of a letter from Requester to OOR, dated August 20, 2018, in which Requester states that he had mailed the documents required to perfect his appeal to OOR, with a copy to the Department, on August 15, 2018. PFR, Attachments. As additional attachments to his PFR, Requester has submitted copies of an August 15, 2018 letter to OOR and a cash slip dated August 15, 2018, reflecting the deduction of postage for a letter to OOR. PFR, Attachments. On appeal, Requester argues that OOR violated his due process rights by dismissing his appeal based on his failure to timely cure the deficiency, because OOR failed to apply the prisoner mailbox rule to his August 15, 2018 mailed submission of the requested documents.

This Court has held that "[u]nder the prisoner mailbox rule, a prisoner's *pro se* appeal is deemed filed at the time it is given to prison officials or put in the prison mailbox." *Kittrell v. Watson*, 88 A.3d 1091, 1096 (Pa. Cmwlth. 2014). "At the heart of the 'prisoner mailbox rule' are the constitutional notions of due process and fundamental fairness." *Id.* (quoting *Pettibone v. Pennsylvania Board of Probation and Parole* 782 A.2d 605, 608 (Pa. Cmwlth. 2001)).

It is well settled that the prisoner mailbox rule applies to all appeals filed by *pro se* prisoners. *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997); *Kittrell*, 88 A.3d at 1097. In addition, OOR's Procedural Guidelines state, in pertinent part, "[i]f a Requester is incarcerated, OOR will consider appeal

---

[3] Our standard of review of a decision made by an OOR appeals officer under the RTKL is *de novo*, and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

3

submissions timely filed with evidence that the appeal was placed into the institutional mail within the fifteen (15) business day appeal period provided under Section 1101(a)(1) of the RTKL." Procedural Guidelines–Statement of Policy, §IV.C.4.b.i. A cash slip constitutes sufficient evidence to show compliance with the prisoner mailbox rule. *Jones*, 700 A.2d at 426; *Kittrell*, 88 A.3d at 1097.[4]

Nevertheless, the record does not reflect that OOR considered application of the prisoner mailbox rule. Moreover, OOR does not address or acknowledge Requester's argument concerning the prisoner mailbox rule in its appellate brief to this Court.

Requester's assertion that the prisoner mailbox rule applies to his appeal has arguable merit, which cannot be resolved on the basis of the record.[5] Because resolution of this matter is *de hors* the record, a remand is necessary for OOR to consider Requester's assertions. *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1095 (Pa. Cmwlth. 2013) (a remand is appropriate if a record has not been sufficiently developed as to allow complete appellate review);

---

[4] *See also* Pa. R.A.P. 121(a), which provides in part:

> A *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the *pro se* filing with the prison authorities.

[5] Although Requester has submitted documents, including the letters of August 15 and August 20, 2018, to this Court, as an "offer of proof," the certified record does not include these documents, or a response to either letter from OOR. Matters submitted on appeal, whether in the form of exhibits or appendices, that are not part of the official record transferred to this Court are not reviewable by this Court on appeal. *McCaffrey v. Pittsburgh Athletic Association*, 293 A.2d 51, 57 (Pa. 1972); *City of Erie v. Pennsylvania Public Utility Commission*, 398 A.2d 1084, 1087 (Pa. Cmwlth. 1979) ("It is a fundamental principle of appellate review that the appellate court is confined to the record before it . . . .").

*Allegheny County Department of Administrative Services v. A Second Chance, Inc.*, 13 A.3d 1025 (Pa. Cmwlth. 2011) (remanding for further proceedings where the absence of a copy of the parties' contract from the record before OOR or the trial court precluded meaningful appellate review).

Consequently, we vacate OOR's dismissal of Requester's appeal for failing to comply with OOR's order of August 8, 2018, and we remand this matter to OOR to conduct a hearing to determine whether Requester's appeal was complete and timely under the prisoner mailbox rule.

 

 

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Jones,                          :
                                      :
                    Petitioner        :
                                      :
          v.                          : No. 1213 C.D. 2018
                                      : Submitted: February 1, 2019
Department of Corrections,            :
                                      :
                    Respondent        :


O R D E R


AND NOW, this 14th day of August, 2019, the Final Determination of the Office of Open Records (OOR), dated August 16, 2018, is VACATED and the matter is REMANDED to OOR for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.


_____
MICHAEL H. WOJCIK, Judge