IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Benjamin Siar,                          :
                      Petitioner        :
                                        :
        v.                              : No. 44 C.D. 2024
                                        : Submitted: February 4, 2025
Pennsylvania Parole Board,              :
                      Respondent  :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE STACY WALLACE, Judge (P.)
           HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                          FILED:  May 7, 2025


        Benjamin Siar (Siar) petitions for our review of the Pennsylvania Parole
Board's (Board) order mailed December 19, 2023 (Order), which dismissed as
untimely his *Nunc Pro Tunc* Post-Relief Petition to Reinstate Direct Administrative
Appeal Rights (Petition to Reinstate Appeal) from the Board's decision recorded
June 14, 2023 (mailed June 22, 2023) (Recommitment Decision) and dismissed his
request for relief from the November 6, 2023 decision (Parole Decision) as not
authorized under the statute.[1]  After careful review, we affirm.

_____

[1] Upon review of Siar's Petition for Review as well as his brief in this matter, he does not challenge
the Board's dismissal of his request for relief from the Parole Decision.  Therefore, we do not
address the dismissal.

## I. Factual and Procedural History

Siar is in the custody of the Pennsylvania Department of Corrections (Department) at the State Correctional Institution (SCI) at Mahanoy. Reproduced Record (R.R.) at 68. On November 6, 2023, the Board denied Siar parole. *Id.* at 72. On June 22, 2023, the Board mailed its decision which recommitted Siar as a Convicted Parole Violator (CPV) to serve a recommitment period of six months of incarceration. *Id.* at 70-71. The Board established Siar's recomputed maximum sentence date as December 26, 2026. *Id.* at 67.

On December 12, 2023, Siar submitted a counseled Petition to Reinstate Appeal.[2] *Id.* at 74-82. On December 19, 2023, the Board mailed its Order denying Siar's Petition to Reinstate Appeal as untimely. *Id.* at 105-106. The Board concluded:

> [T]he record reveals that you failed to file your petition for administrative review/administrative appeal within the established 30-day time frame set forth in the Board's regulation authorizing administrative relief. 37 Pa. Code § 73.1. Your challenges received December 12, 2023 and December 14, 2023 are therefore not properly before the Board.

*Id.* at 105.

Siar filed a Petition for Review of the Board's Order in this Court. Siar asserts the Board abused its discretion when it denied his request to reinstate his administrative appeal rights. Siar requests this Court reverse the Board's Order and award Siar credit for the time he spent at liberty on parole.

## II. Discussion

On appeal, Siar raises the issue of "[d]id the Board abuse its discretion when it denied [his] request for relief and den[ied] him credit for his time spent at liberty

---

[2] Counsel for Siar sent the Administrative Appeal both by facsimile, which the Board received on December 12, 2023, and by mail, which the Board received on December 14, 2023. *See* R.R. at 105.

on parole." Siar's Br. at 3. In cases involving the Board's decision to deny a parolee's request for administrative relief, our review "is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether the constitutional rights of the parolee were violated." *McNally v. Pa. Bd. of Prob. & Parole*, 940 A.2d 1289, 1292 (Pa. Cmwlth. 2008).

Administrative appeals and petitions for administrative review of a Board decision relating to parole revocation must be received within 30 days of the mailing date of the Board's order. 37 Pa. Code § 73.1(a)(1), (b)(1); *see also* 61 Pa.C.S. § 6113(d)(1); *Smith v. Pa. Bd. of Prob. & Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013). This Court has held that where an inmate fails to meet this 30-day deadline, the Board has no jurisdiction to entertain the appeal and should dismiss it as untimely. *Smith*, 81 A.3d at 1094. The 30-day period for an appeal of a revocation decision is jurisdictional and cannot be extended absent extraordinary circumstances that warrant *nunc pro tunc* relief. *Id.* Extraordinary circumstances can include fraud, a breakdown in a court's operations, or where an individual failed to file a timely appeal because of non-negligent circumstances. *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001).

Here, the Board received Siar's Petition to Reinstate Appeal on December 12, 2023, and again on December 14, 2023. The Board found Siar's administrative appeal untimely, having not been filed or submitted to prison officials for mailing within 30 days of June 22, 2023, the date the Board mailed its Recommitment Decision. R.R. at 105. In Siar's Petition to Reinstate Appeal, he acknowledged the Board mailed its Recommitment Decision to him on June 22, 2023, and the Recommitment Decision included a notice that an administrative remedies appeal

3

would be due within 30 days of the mailing date, which was July 22, 2023. *Id.* at 93. The explanations Siar provided for filing his untimely Petition to Reinstate Appeal were (1) he had not retained or contacted counsel to represent him, and (2) he could not or was unable to request or submit the appeal form. *Id.* at 94. Siar provided no further explanation. Because Siar failed to appeal the Recommitment Decision within the 30-day time period, and he failed to establish his late filing was the result of fraud, a breakdown in operations, or non-negligent circumstances beyond his control, Siar has not satisfied the heavy burden of establishing his appeal deadline should have been extended. Therefore, the Board did not err in dismissing Siar's Petition to Reinstate Appeal as untimely. Furthermore, because it dismissed Siar's Petition to Reinstate Appeal as untimely and was without jurisdiction, the Board did not reach, nor do we, the issue of time spent at liberty on parole.

## III.    Conclusion

Based on the foregoing, we conclude the Board did not err or abuse its discretion when it issued its Order dismissing Siar's Petition to Reinstate Appeal. Accordingly, we affirm.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Benjamin Siar,                          :
                            Petitioner  :
                                        :
        v.                              :  No. 44 C.D. 2024
                                        :
Pennsylvania Parole Board,              :
                            Respondent  :

# **O R D E R**

    **AND NOW**, this 7th day of May 2025, the order of the Pennsylvania Parole Board mailed December 19, 2023, is **AFFIRMED**.

 

 

                                                   _____

                                                   STACY WALLACE, Judge