# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jaylen Watts,                  :
           Petitioner       :
                                 :
          v.                  :    No. 604 C.D. 2021
                                 :    Submitted: February 18, 2022
Pennsylvania Parole Board,    :
          Respondent    :

BEFORE:     **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                **HONORABLE ELLEN CEISLER,** Judge
                **HONORABLE STACY WALLACE,** Judge

**<u>OPINION NOT REPORTED</u>**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**      **FILED: June 29, 2022**

Jaylen Watts (Watts) petitions for review of the April 5, 2021 Order of the Pennsylvania Parole Board (Board), which dismissed his administrative appeal of a decision recommitting him to a state correctional institution (SCI) as a convicted parole violator (CPV) as untimely. Watts is represented by appointed counsel Sarah B. Stigerwalt-Egan, Esquire (Counsel).[1] Counsel has filed an Application to Withdraw as Counsel (Application to Withdraw) and an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), based on her conclusion that Watts' appeal to the Board was properly dismissed as untimely, and, even if this Court reached the merits of his petition for review, Watts' claims are frivolous. Upon

---

[1] Counsel has contracted with the Northumberland County Commissioners to assist with state parole appeals assigned to the Northumberland County Office of the Public Defender.

review, we grant Counsel's Application to Withdraw and affirm the Board's April 5, 2021 Order.

After pleading guilty in the Court of Common Pleas of Dauphin County to receiving stolen property; carrying a firearm without a license; and the manufacture, sale, or delivery of, or possession with intent to deliver, a controlled substance, Watts was sentenced on June 3, 2014, to an aggregate term of one year, six months to five years in an SCI. (Certified Record (C.R.) at 1-2.) At the time of his sentencing, Watts' minimum sentence date was December 3, 2015, and his maximum sentence date was June 3, 2019. (*Id.* at 2.)[2]

On November 7, 2016, Watts was released on parole. (*Id.* at 10.) He remained at liberty on parole until October 12, 2018, when he was arrested by the Harrisburg Police Department and charged with aggravated assault of an unborn child; possession of a firearm with an altered manufacturer number; possession of a firearm by someone prohibited; terroristic threats; simple assault; and public drunkenness. (*Id.* at 18, 21 23-29.) Monetary bail was set at $100,000 by the magisterial district judge, which Watts did not post. (*Id.* at 31-32.) Also, on October 12, 2018, the Board lodged its detainer warrant. (*Id.* at 17.) A detention hearing was held on November 6, 2018. (*Id.* at 33.) By Board decision recorded on January 4, 2019, the Board detained Watts pending disposition of his new criminal charges. (*Id.* at 38.)

On May 7, 2019, Watts entered a plea of nolo contendere to the charges of aggravated assault of an unborn child; possession of a firearm by a person prohibited; possession of a firearm with an altered manufacturer number; and manufacture, sale, or delivery of, or possession with intent to deliver, a controlled substance. (*Id.* at 65-66.) The remaining charges were dismissed or withdrawn. (*Id.* at 66.) Watts

---

[2] Watts' minimum sentence was later extended by six months to June 3, 2016. (C.R. at 4-5.)

was sentenced that same day to an aggregate sentence of four to eight years in an SCI on the first three counts, and one to three years on the last, with all sentences to run concurrently. (*Id.* at 65-66, 69.) The 208 days he spent incarcerated from October 12, 2018, through May 7, 2019, was credited toward his new sentence. (*Id.* at 65, 69.)

On July 1, 2019, the Board issued a notice of charges and hearing to Watts, advising him that a parole revocation hearing would be held due to his new convictions. (*Id.* at 39.) That same day, Watts waived his rights to counsel and a revocation hearing, and he admitted to his new convictions. (*Id.* at 41.) By decision recorded on August 2, 2019,[3] the Board recommitted Watts to an SCI as a CPV to serve his unexpired term of 2 years, 6 months, and 27 days. (*Id.* at 74.) The Board found that he should serve his unexpired term because he was considered a threat to the community, as the new convictions were serious and assaultive. (*Id.*) In its discretion, the Board declined to award Watts credit for the time he spent at liberty on parole, also known as "street time," because his new convictions involved possession of a weapon. (*Id.* at 75.) As a result, Watts' maximum sentence date was recalculated as February 23, 2022. (*Id.*)

The Board received an administrative remedies form from Watts on July 7, 2020. (*Id.* at 76.)[4] Therein, Watts claimed to challenge the Board decisions of November 6, 2018 (date of detention hearing), and January 4, 2019 (date the Board ordered that Watts be detained pending disposition of the new criminal charges). However, no allegations of error were asserted on or submitted with the form.

---

[3] The decision does not contain a mailing date, but rather, contains a notation indicating that Watts received it on August 27, 2019. (C.R. at 74-75.)

[4] Watts included July 2, 2020, as the submission date, and the envelope is postmarked July 6, 2020. (*Id.* at 76-77.)

3

Additionally, on February 8, 2021, the Board received a letter Watts had sent to Governor Wolf, in which Watts sought relief from the Board's August 2, 2019 decision denying him credit for his street time. (*Id.* at 78.)[5]

By decision rendered on March 30, 2021, and mailed on April 5, 2021, the Board responded to Watts' administrative remedies form, which the Board noted "contained only a checked box." (*Id.* at 95-96.) The Board indicated that the Office of General Counsel forwarded Watts' letter to Governor Wolf regarding the denial of credit for his street time, which the Board received on February 8, 2021. (*Id.* at 95.) The Board advised that, under its regulation at 37 Pa. Code § 73.1, a request for administrative relief must be received within 30 days of the mailing date of the Board's decision, which in this case was August 27, 2019. As such, the Board noted the final day to appeal was September 26, 2019. As Watts' appeal was not received until July 7, 2020 (postmarked July 6, 2020), and there was no indication it was submitted to prison officials at an earlier date, the Board dismissed the appeal as untimely.

On April 26, 2021, Watts filed a pro se notice of appeal in the Pennsylvania Supreme Court, which transferred the appeal to this Court by order dated April 29, 2021. *See Watts v. Pa. Bd. of Prob. & Parole* (Pa., No. 157 MT 2021, filed Apr. 29, 2021). We preserved April 26, 2021, the postmark date, as the filing date of Watts' appeal. On June 9, 2021, this Court appointed the Public Defender of Northumberland County to represent Watts, and Counsel entered her appearance on

---

[5] The record also contains a petition for review filed by Watts in this Court's original jurisdiction, mailed on September 8, 2020, and which the Board later received. (C.R. at 80-92.) We dismissed the petition for review because Watts failed to comply with our defect correction notice dated October 1, 2020, directing payment of the filing fee and service of the petition for review on the Board. *See Watts v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 543 M.D. 2020, filed Nov. 2, 2020); (C.R. at 79).

4

Watts' behalf on August 10, 2021.  Watts thereafter filed an ancillary petition for review on his own behalf.  That ancillary petition for review consists of a petition for review Watts originally filed in this Court's original jurisdiction at Docket Number 543 M.D. 2020, which the Court dismissed due to Watts' failure to correct certain defects.  In this petition for review, Watts asserts that the Board improperly altered a judicially imposed sentence by not crediting him with the time he spent at liberty on parole and extending his maximum sentence date from June 3, 2019, to February 23, 2022, and that the documentation he signed to be released on parole was an unlawful contract that cannot be enforced.  However, attached to the ancillary petition for review is a single page in which Watts claims he has been trying to get his street time back for two years, alleging he sought review of his revocation in September, October, and November 2019, but did not receive any response.  Watts asserts he filed the administrative relief forms in June, July, and August in 2020, and finally received a response via the April 5, 2021 Order.  Finally, Watts states that **"all [he is] asking is that [he] get[s] back [his] street time** for when [he] was home on parole (11-07-2016 to 10-12-2018) and for the time that [he had] been incarcerated now to be credited to my current case."[6]  (Ancillary Petition for Review at 17 (emphasis added).)  Based on Watts' statement, it appears he has abandoned any arguments beyond those related to the denial of credit for his street time.  Counsel filed the Application to Withdraw and an *Anders* brief, asserting that Watts' petition for review was wholly frivolous.

---

[6] In stating this, Watts appears to be pointing out that should the Court agree that the Board erred in denying credit for his street time, he would have completed his original sentence earlier and the time he spent incarcerated after that date would apply to his new, or "current," sentence.

While Counsel filed an *Anders* brief along with her Application to Withdraw, all that was required here was a no-merit letter.[7]  Where an *Anders* brief is filed when a no-merit letter would suffice, the *Anders* brief must at least contain the same information that is required to be included in a no-merit letter.  *See Adams v. Pa. Bd. of Prob. & Parole*, 885 A.2d 1121, 1123 (Pa. Cmwlth. 2005) (stating that "[i]f counsel provides an *Anders* brief to his client, the brief must contain, at a minimum, the list of issues raised by the parolee and an explanation of why those issues are without merit"); *Wesley v. Pa. Bd. of Prob. & Parole*, 614 A.2d 355, 356 (Pa. Cmwlth. 1992) (explaining that because, under *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), a no-merit letter requires less than an *Anders* brief, "an *Anders* brief must contain at a minimum, the list of issues raised by petitioner and explanation of why *those* issues are meritless that is required of a no-merit letter") (emphasis in original).  A no-merit letter must include an explanation of "the nature and extent of [counsel's] review and list[] each issue the petitioner wished to have raised, with counsel's explanation of why those issues [are] meritless." *Turner*, 544 A.2d at 928.  Where counsel satisfies the technical requirements of a no-merit letter, this Court

---

[7] Where no constitutional right to counsel is involved, an attorney seeking to withdraw from representation in a probation and parole case need only file a no-merit letter, as opposed to an *Anders* brief.  *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009).  A constitutional right to counsel arises when the petitioner presents a:

> colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Id.* at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)).  Because Watts is only challenging the recalculation of his maximum sentence date, the test set forth above is not satisfied, and Watts does not have a constitutional right to counsel in this case.  As such, Counsel was only required to file a no-merit letter in order to withdraw from representation of Watts.

will conduct its own independent review to determine whether the petition for review is, in fact, without merit. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009).

Here, Counsel has complied with the above service requirements, i.e., she served Watts with a copy of the *Anders* brief, the Application to Withdraw, and this Court's Order advising Watts that he may obtain substitute counsel or file a brief in support of his petition for review.[8] In the *Anders* brief, Counsel sets forth a description of the relevant background information pertaining to the revocation proceedings based on Watts' new convictions, which shows Counsel's review of the record. Counsel then addresses the credit issues raised by Watts in his petition for review and explains why they are meritless. Counsel also addresses the Board's determination that Watts' appeal was untimely and why that determination is legally correct.

Before we can address the merits of the petition for review,[9] we must first consider the jurisdictional issue regarding the timeliness of Watts' administrative appeal. Section 6113(d)(1) of the Prisons and Parole Code (Code), 61 Pa.C.S. § 6113(d)(1), and the Board's regulations at 37 Pa. Code § 73.1(a)(1), (b)(1), provide that administrative appeals and petitions for administrative review of a Board decision relating to parole revocation must be received within 30 days of the mailing date of the Board's order. *See also Smith v. Pa. Bd. of Prob. & Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013). Further, second or subsequent appeals or petitions for administrative review and those that are out of time under these rules will not be received. 37 Pa. Code § 73.1(a)(4), (b)(3). "Where a prisoner fails to meet this

---

[8] Watts has not filed a response through new counsel or on his own behalf.

[9] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *McCloud v. Pa. Bd. of Prob. & Parole*, 834 A.2d 1210, 1212 n.6 (Pa. Cmwlth. 2003).

deadline, this [C]ourt has held that the Board has no jurisdiction to entertain the appeal and should dismiss it as untimely." *McCullough v. Pa. Bd. of Prob. & Parole*, 256 A.3d 466, 471 (Pa. Cmwlth. 2021) (quoting *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993)) (internal quotations omitted). In cases involving pro se filings by individuals who are incarcerated, we consider the applicability of the prisoner mailbox rule, which provides that a pro se legal document is deemed to be filed on the date it is delivered to the proper prison authority or deposited in the prison mailbox. *Kittrell v. Watson*, 88 A.3d 1091, 1096 (Pa. Cmwlth. 2014). Finally, in some extraordinary cases, the time for filing an appeal may be extended based on a showing of fraud, a breakdown in the administrative process, or the intervening negligence of a third-party. *Smith v. Pa. Bd. of Prob. & Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013). The party seeking such extension bears a heavy burden of proof. *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1132 (Pa. 1996); *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008).

The Board received Watts' appeal on July 7, **2020**. The Board found Watts' appeal untimely, having not been filed within 30 days of August 27, **2019**, i.e., the date Watts received the Board's decision, or by September 26, **2019**. Because both the Code and the Board's regulations require such appeals to be filed within that time period, and Watts' appeal was not, we agree that Watts' administrative appeal filed nearly one year after he received the Board's decision was untimely. Even if we considered the prisoner mailbox rule, Watts dated his administrative remedies form July 2, 2020, and it was postmarked July 6, 2020. Thus, on its face, the appeal was not delivered to prison authorities or placed in the prison mailbox prior to the expiration of the 30-day appeal period.

8

Further, although Watts' assertion that he filed other administrative forms challenging his revocation and received no responses may be viewed as an attempt to obtain an extension of the appeal time, no such forms appear in the record certified to this Court. The other record documents in which Watts seeks relief from the Board's decision do not reference these alleged filings and lack of responses. Watts' July 2, 2020 administrative remedies form and his letter to Governor Wolf made no reference to the filing of any prior forms, and his petition for review filed in this Court's original jurisdiction, which was refiled in this appeal, states only that he sought administrative review "which was unlawfully denied on" followed by no date. (C.R. at 82; Ancillary Petition for Review at 3.) Under these circumstances, Watts has not satisfied the heavy burden of establishing that his appeal deadline should have been extended. For these reasons, we cannot say the Board erred in dismissing Watts' July 2020 appeal from its August 27, 2019 decision as untimely. Finding the timeliness issue dispositive, we do not address the merits of the petition for review.[10]

---

[10] However, even if we did address the merits relating to the credit issues, Watts' claims that the Board improperly denied him credit for time spent at liberty on parole and extended his maximum sentence date are without merit. Under Section 6138(a)(2), (2.1) of the Code, the Board had the discretion, once it recommitted Watts as CPV, to deny him credit for his street time. 61 Pa.C.S. § 6138(a)(2), (2.1). We have also previously held that the Board's stated reason for denying credit in this case, i.e., the new conviction involved possession of a weapon, is a sufficient reason for denying a CPV credit. *See Hayward v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1735 C.D. 2017, filed July 18, 2018), slip op. at 5 (deeming "conviction involved possession of a weapon" a sufficient reason to deny credit). *Hayward* is cited for its persuasive value pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

Regarding Watts' claim that the Board improperly extended his maximum sentence date, and thus altered a judicially imposed sentence, we note that Section 6138(a)(1) of the Code allows the Board to recommit parolees who commit, and are ultimately convicted of, crimes punishable by imprisonment while on parole. 61 Pa.C.S. § 6138(a)(1). If a parolee is recommitted as a CPV, the parolee "shall be recommitted to serve the remainder of the term which the [parolee] would **(Footnote continued on next page…)**

Based on the foregoing, we grant Counsel's Application to Withdraw and affirm the Board's April 5, 2021 Order.



**RENÉE COHN JUBELIRER,** President Judge

---

have been compelled to serve had the parole not been granted[.]" 61 Pa.C.S. § 6138(a)(2). Thus, upon Watts' recommitment as a CPV, the Board was authorized to recalculate the amount of time he had left to serve on his original sentence. "By definition, when the Board imposes backtime, it does not alter a judicially[ ]imposed sentence; it simply requires the prisoner to serve some or all of the time remaining on the original sentence." *Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 648 (Pa. Cmwlth. 2018). Here, at the time of Watts' release on parole, he had exactly 2 years, 6 months, and 27 days remaining on his original sentence. In recalculating Watts' maximum sentence date, the Board did no more than require Watts to serve the remainder of that sentence. Therefore, Watts' claims are without merit.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Jaylen Watts,                                             :
                            Petitioner                    :
                                                          :
            v.                                            :   No. 604 C.D. 2021
                                                          :
Pennsylvania Parole Board,                                :
                            Respondent                    :

# **O R D E R**

**NOW**, June 29, 2022, Sarah B. Stigerwalt-Egan, Esquire's Application to Withdraw as Counsel is **GRANTED**, and the Pennsylvania Parole Board's April 5, 2021 Order is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** President Judge