524 A.2d 528

Merel H. Johnson, II, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs February 2, 1987, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Ronald J. Locke,* special Deputy Public Defender of Huntingdon County, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, April 13, 1987:

Mr. Johnson appeals here from a denial of administrative relief by the Pennsylvania Board of Probation and Parole (Board). We affirm.

Johnson was recommitted as a convicted parole violator for a period of twenty-four months. In the statement of questions involved, Johnson contends that his recommitment was tainted by the Board's procedural errors, that his counsel failed to advise him of his right to a timely appeal and that he should have been given credit for time spent at liberty on parole.

Although the Board initially denied Johnson's application for administrative relief on the ground that the application was untimely filed, it later retracted that decision and addressed the merits of the application. We hold, accordingly, that timeliness is not an issue in this appeal.

Johnson claims that Section 21.1(b) of the Act of August 6, 1941 (Act), P.L. 861, *as amended,* added by the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a(b) commands that he be given credit for time served on parole in good standing and that he did not receive such credit. The statutory reference, of course, pertains to technical parole violators and specifically excludes parolees, like Johnson, who commit a new crime while on parole.

Concerning procedural errors, Johnson claims the Board had no jurisdiction over him when it held the

revocation hearing on February 8, 1983, inasmuch as he was not sentenced by the Dauphin County Court of Common Pleas until February 18, 1983 and was not transferred to the State Correctional Institution at Camp Hill until February 22, 1983. Johnson cites *Terrell v. Jacobs,* 37 Pa. Commonwealth Ct. 493, 390 A.2d 1379 (1978) for the proposition that the Board had no jurisdiction over him until he was released by the county authorities to the state institution. We note, however, that Johnson states in his application for administrative relief that he was transported by a Board agent to the State Correctional Institution at Camp Hill for the hearing and then returned to the Dauphin County prison. The clear inference is that Johnson was released by Dauphin County into the custody of the Board for the purpose of the hearing. Under such circumstances, the Board acted properly.

Johnson's final contention is that the Board's recommitment order did not advise him of his right to appeal. As the Board points out, there is nothing in the Act or the Board's regulations which requires such notice. Our Court has held that where an administrative agency has provided a duly publicized procedure for a hearing or an appeal, it is not also required to extend additional notice of those rights. *Commonwealth v. Derry Township,* 10 Pa. Commonwealth Ct. 619, 314 A.2d 868 (1973), *aff'd in part and vacated and remanded in part,* 466 Pa. 31, 351 A.2d 606 (1976). The Board has provided for such procedures. *See* 37 Pa. Code §71.5. Moreover, since the merits of Johnson's application for administrative relief were addressed by the Board, any error regarding notice must be deemed to be harmless.

ORDER

The order of the Pennsylvania Board of Probation and Parole denying administrative relief to Merel H. Johnson, II is affirmed.