600 A.2d 998

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

**v.**

**Charles Lindy MATLACK, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 12, 1991.

Decided Aug. 14, 1991.

Publication Ordered Dec. 23, 1991.

Marc A. Werlinsky and Timothy P. Wile, Asst. Counsel in Charge of Appellate Section, for appellant.

No appearance for appellee.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

This is an appeal by the Department of Transportation, Bureau of Driver Licensing (Department) from an order of the Court of Common Pleas of Delaware County which sustained the appeal of Charles Lindy Matlack (Licensee) from the Department's imposition of a six-month license revocation for driving while his license was suspended.

The following facts are pertinent. On June 29, 1984 Licensee was convicted of driving while his operating privileges were suspended or revoked. Thereafter, the Depart-

ment revoked his operating privileges for six months. He appealed this revocation to the common pleas court which dismissed the appeal on July 1, 1985. According to the trial court, this order was never docketed because the Department never provided the court with an order denying the appeal and reinstating the revocation. Consequently, the case was again listed for disposition on March 23, 1988 and the appeal was again denied.

Thereafter, on *September 7, 1989*, the Department sent Licensee a notice advising him that his six-month revocation was reinstated effective October 12, 1989.[1] Licensee sought to appeal this reimposed revocation by filing an appeal with the trial court on *March 23, 1990*, more than six months after his notice had been mailed by the Department. The Department filed a motion to quash alleging that the appeal was untimely and, hence, that the trial court lacked subject matter jurisdiction over the case. There is no order of record disposing of this motion, although in a colloquy with Judge Howard Reed (who conducted the hearing) both counsel expressed uncertainty and disagreement as to whether it had been previously disposed of by Judge Robert Wright. We, of course, are bound by the existing record which reflects no disposition of the motion.

At the hearing before Judge Reed there was no testimony presented. The entire transcript consists of a colloquy between counsel and the court concerning why the July 1, 1985 order was never docketed; what the prior procedural history of the case consisted of; statements by Licensee's counsel that Licensee received notice of the reinstatement on or about September 10, 1989; statements by Licensee's counsel as to how the reinstated revocation would prejudice his client at this late date; and statements by Licensee's counsel that on the September 7, 1989 notice the portion of the notice containing an explanation of Licensee's appeal rights was blocked out by a sticker placed over it bearing

1. The six-month revocation had not run because of the automatic supersedeas provision which comes into play when a licensee appeals to the common pleas court. *See* Section 1550(b)(1) of the Vehicle Code, 75 Pa.C.S. § 1550(b)(1).

the notation, "WE HAVE RECEIVED NOTICE THAT YOU HAVE NOT BEEN SUCCESSFUL IN YOUR APPEAL. THEREFORE THE ACTION OF THE DEPARTMENT IS REINSTATED."

The trial court did not directly address the motion to quash, but ruled that because Licensee's appeal rights were obliterated by the sticker on the notice and because he was required to drive an automobile as part of his employment, the revocation should be overturned. The court also held that the Department's eighteen-month delay (from the March 23, 1988 order denying Licensee's appeal to the September 7, 1989 notice from the Department) in notifying Licensee of the reinstated revocation was so unreasonable as to justify overturning the revocation. It thus sustained his appeal and the Department's appeal to this Court ensued.

On appeal to this Court, we must first consider whether the trial court had jurisdiction over the case. It is well settled that an appeal from a driver's license revocation must be taken within thirty days from the mailing date of the Department's notice. Sections 5571(b) and 5572 of the Judicial Code, 42 Pa.C.S. §§ 5571(b), 5572. If the appeal is taken beyond that thirty-day period, the trial court lacks jurisdiction to entertain the merits of the appeal. *Department of Transportation v. Shain*, 114 Pa.Commonwealth Ct. 360, 538 A.2d 994 (1988). And, relief in the form of the grant of a *nunc pro tunc* appeal is only permitted where the party seeking to appeal can show fraud or a breakdown in the court's or administrative tribunal's operations. *See Department of Transportation, Bureau of Driver Licensing v. Lefever*, 111 Pa.Commonwealth Ct. 105, 533 A.2d 501 (1987).

Since Licensee presented absolutely no evidence,[2] the question becomes whether the obliteration of his appeal rights on the revocation notice in and of itself constitutes a

---

**2.** In addition to presenting no evidence below, Licensee, who is now acting *pro se*, has been precluded from filing a brief in this Court because he has disregarded our prior order to file a brief.

basis for *nunc pro tunc* relief. We hold that it does not. We have previously held that where the procedure for appealing is duly publicized, such as by statute or agency rule, an agency is under no obligation to inform the losing party of his appeal rights. *Johnson v. Pennsylvania Board of Probation and Parole*, 105 Pa.Commonwealth Ct. 255, 524 A.2d 528 (1987), *petition for allowance of appeal denied*, 516 Pa. 623, 532 A.2d 21 (1987). Here, Sections 5571(b) and 5572 of the Judicial Code explicitly establish the appeal period. Thus, the information obliterated by the sticker was superfluous at best. That being the case, and there being no other evidence of record which would indicate a basis for *nunc pro tunc* relief, we must reverse the trial court's order and reinstate the revocation.

## ORDER

NOW, August 14, 1991, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby reversed and the Department's revocation is reinstated.