IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael S. Schweers,         :
         Petitioner       :
                           :
      v.                 :    No. 705 C.D. 2021
                           :    Submitted: May 27, 2022
Pennsylvania Parole Board,   :
         Respondent    :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT         FILED: July 29, 2022

       Michael S. Schweers (Schweers) petitions for review of an adjudication of the Pennsylvania Parole Board (Parole Board) dismissing his administrative appeal of two Parole Board decisions as untimely. The first decision recommitted Schweers as a convicted parole violator and recalculated his maximum sentence date. The second decision modified the Parole Board's first decision by revising the maximum sentence date in favor of Schweers. On appeal, Schweers argues that the Parole Board violated his due process rights (i) by issuing the first decision before his 10-day period for withdrawing his hearing waiver had expired and (ii) by not attaching an administrative appeal form to the second decision. Schweers' appointed counsel, James J. Karl, Esquire (Counsel), of the Dauphin County Office of the Public Defender, has filed an Application for Leave to Withdraw as Counsel and an

*Anders* brief[1] asserting that Schweers' appeal lacks merit. For the following reasons, we grant Counsel's application and affirm the Parole Board's decision.

In 2008, Schweers was convicted of two counts of the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance. He was sentenced to a term of incarceration of 4 to 10 years. On March 26, 2012, Schweers was paroled from the State Correctional Institution (SCI) at Retreat to Keystone Correctional Services, Inc. in Harrisburg, Pennsylvania. At the time of his parole, Schweers' maximum sentence date was March 20, 2018. Certified Record at 7 (C.R. __).

Schweers completed the program at Keystone Correctional Services, Inc. and, on April 26, 2012, was released to an approved home plan. Subsequently, on August 5, 2012, the Parole Board received notification that new criminal charges had been filed against Schweers and that Schweers had used alcohol in violation of his parole conditions. As a result, Schweers was detained, and on October 1, 2012, the Parole Board recommitted Schweers as a technical parole violator. His maximum sentence date remained March 20, 2018.

Subsequently, Schweers was reparoled to the Joseph E. Coleman Center in Philadelphia, Pennsylvania. After completing the program, he was released to an approved home plan. Thereafter, Schweers absconded from parole supervision and was declared delinquent effective February 28, 2014. On April 12,

---

[1] *Anders v. California*, 386 U.S. 738, 744 (1967) ("a brief referring to anything in the record that might arguably support the appeal" is to be filed with the Court "if counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it"). "Where counsel files an *Anders* brief when a no-merit letter would have sufficed, this Court will accept an *Anders* brief in lieu of a no-merit letter if the *Anders* brief complies with the substantive requirements of a no-merit letter." *McCullough v. Pennsylvania Board of Probation and Parole*, 256 A.3d 466, 468 n.2 (Pa. Cmwlth. 2021).

2014, the Wrightsville Borough Police Department arrested Schweers following a traffic stop. The Parole Board allowed Schweers to remain on parole.

On September 16, 2014, Schweers failed to report to the parole office as instructed and attempts to locate Schweers were unsuccessful. On September 23, 2014, the Parole Board declared Schweers delinquent as of September 16, 2014.

On September 24, 2014, parole agents located and arrested Schweers, and on that same day, the Wrightsville Borough Police Department filed new criminal charges against him. C.R. 26. On November 7, 2014, the Parole Board issued a detainer to keep Schweers incarcerated pending disposition of the new criminal charges and recommitted him as a technical parole violator to serve six months for multiple violations of his parole conditions. His maximum sentence date was set at March 28, 2018.[2] *Id*. at 35. On December 18, 2015, the pending criminal charges were *nolle prossed*.

On December 28, 2015, Schweers was reparoled to Wernersville Community Corrections Center. After completion of that program, he was released to an approved home plan. Subsequently, Schweers absconded, and on April 11, 2017, the Parole Board declared Schweers delinquent effective April 7, 2017. *Id*. at 40.

Then, on August 22, 2017, the Pennsylvania Office of Attorney General arrested Schweers for possession with intent to deliver – cocaine; criminal conspiracy – possession with intent to deliver; and use or possession of drug paraphernalia. *Id*. at 42. On October 8, 2017, the Parole Board detained Schweers pending disposition of the new criminal charges.

---

[2] His maximum date of sentence was extended for the eight days he was delinquent while on parole.

3

Because criminal charges were still pending at the time Schweers' maximum date of sentence expired, *i.e.*, March 28, 2018, the Parole Board issued a decision declaring Schweers delinquent for control purposes as of August 22, 2017. C.R. 77. On July 19, 2018, Schweers pled guilty to the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance. He was sentenced to 5 to 10 years' incarceration, the start of which was deferred until September 21, 2018, at 8:00 p.m. When Schweers did not report to prison, a warrant for his arrest was issued.

On October 31, 2018, Schweers was arrested and detained at Lancaster County Prison. He was then transferred to SCI-Camp Hill. On December 3, 2018, the Parole Board gave Schweers a Notice of Charges and Hearing, advising him that a revocation hearing had been scheduled as a result of his new criminal conviction. C.R. 79-80. Schweers waived his right to a hearing and counsel and admitted to the new conviction. *Id*. at 81.

By decision recorded December 11, 2018, the Parole Board recommitted Schweers as a convicted parole violator. It denied him credit for the time spent at liberty on parole and calculated his maximum sentence date as June 1, 2020. Thereafter, the Parole Board determined that it had erred in its calculation of Schweers' maximum sentence date.[3] On December 13, 2018, the Parole Board issued a modified decision, changing Schweers' maximum sentence date from June 1, 2020, to April 25, 2020. C.R. 145.

---

[3] The Parole Board used December 7, 2018, as the date of Schweers' return to custody, but it should have been October 31, 2018.

4

Almost two years later, on February 25, 2020, Schweers filed a request for administrative review alleging that his due process rights had been violated.[4] On May 5, 2021, the Parole Board denied his request as untimely. Schweers sought relief from the decisions of December 11 and 13, 2018, but those requests had to be received at the Parole Board's central office within 30 days of the mailing date of the Board's decision. 37 Pa. Code §73.1.[5] Schweers did not meet the 30-day deadline.

On June 4, 2021, Schweers, *pro se*, filed a petition for review with this Court, arguing that the Parole Board's decisions violated both procedural and substantive due process. Petition for Review ¶3. Schweers explains that he filed an administrative appeal challenging the lack of due process on February 19, 2020, but it was dismissed as untimely. *Id*. ¶¶5-6. Counsel has filed an application for leave to withdraw as counsel along with an *Anders* brief in lieu of a no-merit letter, asserting that Schweers' claims lack merit.

In *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), our Supreme Court set forth the technical requirements appointed counsel must meet in order to withdraw from representation. Pursuant to *Turner*, once appointed counsel has reviewed the case and determined that the petitioner's claims are meritless, he or she must

---

[4] In his administrative appeal, Schweers alleged that he was coerced into signing the waiver of the revocation hearing based upon statements from his parole agent. C.R. 151. Further, he understood that he had 10 days to withdraw the waiver, but the Parole Board's recommitment decision was issued during that 10-day period so he could no longer withdraw his waiver.

Additionally, Schweers states that he had been transferred to a county prison, and upon his return to SCI-Camp Hill, he received the Parole Board's decision recalculating his maximum sentence date. That decision did not include an administrative remedies form. Schweers alleged that when he inquired to his parole agent about an appeal and the timeliness of that appeal, the parole agent told him that he had 30 days to appeal, which had already expired.

[5] The relevant text of this regulation is provided *infra*.

[t]hen submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

*Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). If the requirements of *Turner* are met, this Court must then consider the merits of the petitioner's claims. *Id*.

In the instant case, Counsel has filed an *Anders* brief in lieu of a no-merit letter detailing his review of Schweers' criminal record and parole history as well as explaining the basis for his legal conclusion that the issues raised in Schweers' appeal lack merit. The record establishes that Counsel sent a copy of the *Anders* brief to Schweers; a copy of his petition to withdraw; and a letter advising Schweers of his right to obtain new counsel or proceed *pro se*. Because Counsel has complied with the requirements of *Turner*, we now consider the merits of Schweers' petition for review.

On appeal,[6] Schweers argues that the Parole Board violated his due process rights because it did not give him sufficient time to consider whether he wanted to withdraw his waiver of a revocation hearing before it issued the recommitment decision, and it did not include an "administrative appeal form" with the December 13, 2018, recalculation decision. Petition for Review ¶5 (quoting

---

[6] Our review of the Parole Board's decision determines whether constitutional rights were violated, whether the decision was in accordance with the law, or whether the necessary findings of fact were supported by substantial evidence. *Kerak v. Pennsylvania Board of Probation and Parole*, 153 A.3d 1134, 1137 n.9 (Pa. Cmwlth. 2016).

6

Exhibit A at 2, ¶11). Schweers, however, does not address the timeliness of his administrative request for relief in the appeal.

By way of background, a parolee must appeal a revocation decision within 30 days of the Parole Board's decision, or it will be dismissed as untimely. 61 Pa. C.S. §6113(d)(1) (stating that an appeal of a revocation decision must be filed within 30 days of the Board's order). The Parole Board's regulation on appeals states as follows:

> An interested party, by counsel unless unrepresented, may appeal a revocation decision. Appeals shall be received at the Board's Central Office within 30 days of the mailing date of the Board's order. When a timely appeal of a revocation decision has been filed, the revocation decision will not be deemed final for purpose of appeal to a court until the Board has mailed its decision on the appeal. This subsection supersedes 1 Pa. Code §35.226 (relating to final orders).

37 Pa. Code §73.1(a)(1).

Schweers acknowledges that he received the Parole Board's December 11, 2018, revocation decision on December 12, 2018. C.R. 152, ¶8. However, he did not file an appeal until February 25, 2020. We hold that Schweers' administrative appeal of the December 11, 2018, decision was untimely filed.[7]

---

[7] Even if Schweers had timely appealed the December 11, 2018, decision, his due process issue lacks merit. "In order to effectuate a knowing and voluntary waiver in Parole Board cases, all that is required is for the Board to show that it followed its own regulations and provided the necessary information to the offender prior to the offender signing the written waiver form." *Prebella v. Pennsylvania Board of Probation and Parole*, 942 A.2d 257, 261 (Pa. Cmwlth. 2008). Execution of the Parole Board's form is sufficient, which we have here. *Id*.; *see also* C.R. 79-81. Although Schweers subsequently claimed that Parole Board staff induced him to waive the revocation hearing by telling him that a hearing would be a waste of time and would likely anger the Parole Board, his statements are contrary to his statements of record, wherein Schweers stated that he waived his right to a hearing of his "own free will, without promise, threat or coercion." *Id*. at 81. Additionally, Schweers never sought to withdraw his waiver. In sum, Schweers relinquished his

7

Regarding the Parole Board's December 13, 2018, recalculation decision, Schweers contends that he did not receive that decision until March of 2019. C.R. 152, ¶11. When he was given that decision, he was not provided with an administrative remedies form on which to file his appeal.

Accepting Schweers' statements as true,[8] Schweers received the Parole Board's December 13, 2018, decision in March of 2019; however, he did not file a request for administrative review within 30 days. C.R. 151-53. Instead, he waited almost a year before filing his administrative appeal. Accordingly, his administrative appeal was untimely filed.

Even so, neither the Prisons and Parole Code nor the Parole Board's regulations require the Parole Board to provide an administrative remedies form to an offender. *See generally* 61 Pa. C.S. §§6113(d), 6138; 37 Pa. Code §§71.4-71.5, 73.1. Where an administrative agency has provided a duly publicized procedure for a hearing or an appeal, it is not also required to extend additional notice of those rights. *See Johnson v. Pennsylvania Board of Probation and Parole*, 524 A.2d 528, 529 (Pa. Cmwlth. 1987).

Lastly, Schweers cannot use a request for administrative review of a recalculation order, *i.e.*, the Parole Board's December 13, 2018, decision, to challenge the Parole Board's recommitment order, *i.e.*, the Parole Board's December

---

right to a revocation hearing and only after the opportunity passed did he seek more time to consider the waiver.

[8] Significantly, Schweers did not seek to file his administrative appeal *nunc pro tunc*. Even if he did, the "petitioner in an appeal *nunc pro tunc* must proceed with reasonable diligence once he knows of the necessity to take action." *Kaminski v. Montgomery County Board of Assessment Appeals*, 657 A.2d 1028, 1031 (Pa. Cmwlth. 1995). "A party seeking permission to file a *nunc pro tunc* appeal . . . needs to establish that: (1) [he] filed the appeal shortly after learning of and having an opportunity to address the untimeliness; (2) the elapsed time is one of very short duration; and (3) the respondent will not suffer prejudice due to the delay." *J.A. v. Department of Public Welfare*, 873 A.2d 782, 785 n.4 (Pa. Cmwlth. 2005). Here, Schweers waited nearly a year after receiving the Parole Board's recalculation order before filing an administrative appeal.

8

11, 2018, decision. "[A]n administrative agency, on its own motion, having provided the proper notice and explanation, may correct typographical, clerical, and mechanical errors obviated and supported by the record." *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 309 A.2d 165, 167 (Pa. Cmwlth. 1973). Schweers does not argue that the Parole Board failed to provide an adequate explanation of the recalculation of his maximum sentence date. Nor does Schweers challenge the calculation of his maximum sentence date following his recommitment as a convicted parole violator. Thus, we are satisfied that Schweers could not have prevailed even if his appeal of the December 13, 2018, decision had been timely filed.[9]

For these reasons, we conclude that Counsel has fulfilled the requirements of *Turner* and our independent review of the record confirms that Schweers' appeal lacks merit. Accordingly, we grant Counsel's application for leave to withdraw as counsel and affirm the Parole Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[9] *See Woodard v. Pennsylvania Board of Probation and Parole*, 582 A.2d 1144, 1145-47 (Pa. Cmwlth. 1990) (wherein this Court held that the parolee had waived the issues relating to the recommitment order and could not properly raise the same issues in a timely appeal of the Parole Board's recalculation order).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael S. Schweers,           :
          Petitioner           :
                             :
          v.                :   No. 705 C.D. 2021
                             :
Pennsylvania Parole Board,    :
          Respondent      :

# **O R D E R**

AND NOW, this 29th day of July, 2022, the Application for Leave to Withdraw as Counsel filed by James J. Karl, Esquire, is GRANTED, and the May 5, 2021, adjudication of the Pennsylvania Parole Board is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita